Ziegler v. Tennery.

JOHN R. ZIEGLER

v.

JOHN M. TENNERY.

23 133
55 134
23 133
68 120

*Statute of Limitations—Acts of 1849 and 1872—New Promise.*

1. A new promise made in 1875. to pay a note which was executed in 1869, is within the Statute of Limitations of 1872, being in effect a new contract.

2. Under the Act of 1872 a new promise to have the effect to extend a note must be in writing.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Mr. GEORGE B. FOSTER, for appellant.

Mr. JOHN M. TENNERY, appellee, in person.

LACEY, J. This suit was originally commenced before a Justice of the Peace, April 7, 1886, on a promissory note given by appellant to John Peterson, dated July 21, 1869, due in one day after date, for the sum of $83.10, with ten per cent. interest from date. There was a payment and credit indorsed on it, as the evidence shows, by the direction of appellant, of $50.80, September 7, 1875. The note was afterward indorsed to appellee.

The case was appealed from the Justice of the Peace to the Circuit Court, and upon trial in that court, without a jury, the

court found for appellee the sum of $131.85, and rendered judgment thereon.

There were propositions of law submitted to the court, asking it in effect to hold that the payment on the note had the effect to revive it under the Statute of Limitations, in force July 1, 1872, which was ten years only from the date of payment, instead of under the Limitation Act of November 5, 1849, which was sixteen years, which the court refused to hold. Unless the note was revived under the Limitation Law of 1849, the Statute of Limitations had run against it before the suit was brought, because no other payments had been made on it, and any alleged promise, shortly before the suit was commenced, was not in *writing*, as required by Sec. 16, Chap. 83, R. S., entitled Limitations. No question of the kind under consideration, so far as we are aware, has ever been passed upon by the Supreme Court. That court has held in Means v. Harrison, 114 Ill. 248, and McMillan v. McCormick, 117 Ill. 79, that a note dated prior to the passage of the law of 1872, and not yet due when said law was passed, was not governed as to limitations by that law, but by the sixteen-year limitation law of November 5, 1849, under the saving clause, being Sec. 24 of the act.

The 24th section, after repeating the former limitation acts, provides as follows: "But this section shall not be construed so as to affect any rights or liabilities, or any cause of action that may have accrued before this act shall take effect"; and by Chap. 131, Sec. 6, it is provided that: "When any limitation law has been revised by this or the twenty-seventh General Assembly, and the former limitation law repealed, such repeal shall not be construed so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made."

It will be seen by these saving clauses and the decisions of the Supreme Court that all contracts in existence, and all causes of action already accrued when the law of 1872 went into force, must be governed by the limitation laws of 1849. But as to contracts made at the time of the passage of the former act, as well as all causes of action accruing, save those

included in the saving clauses above, they must be governed by the Act of 1872.

Let us inquire then what is the nature of a new promise which has the effect to revive a debt already barred or to extend the time of those not yet barred.

The payment on a note after due has the effect to extend the running of the Statute of Limitations, but in this case does it extend it ten or sixteen years? But if it extended it only ten years it was only a slight extension beyond what it would have been under the old statute without any new extension. If the new law governed, it was only extended a little over one month. The theory of the revival of debts barred by the Statute of Limitations by a new promise, or the extension of the time of limitations by such promise, is that the new promise is essentially a new contract, having for its consideration to support it, the pre-existing debt, if once barred there still remains a moral obligation to pay it. The Supreme Court has decided, " that a parol promise reviving a debt has the same effect as payment under the statute. It revives or renews the debt, so that the period of limitation commences anew to run from the date of the promise." In case of a promissory note it operates as a new *delivery* of the note. Sennott v. Horner, 30 Ill. 429, cited in Kallenbach v. Dickinson, 100 Ill. 427. In the latter case it was said: "In practical effect the parol promise, or the payment, operates as the creation of a new debt of the same character and dignity as the old." It was also held that in the case of two makers of a promissory note, one by payment could not extend or revive it as to the other without his consent.

It is true the practice in bringing suit on a note or contract barred by statute and again revived by subsequent promise to pay, is to declare on the original contract, and in case the bar is pleaded the plaintiff to reply the subsequent promise; but the Supreme Court in Keener v. Crull, 19 Ill. 189, says:

" Were this a new question we should hold that the action could alone be brought upon the new promise, but the current of authority and long usage sanction the practice of declaring upon the original cause of action."

If the contract to pay is in its effect an entirely new one, having nothing of the elements of the old save the consideration, and only a similarity in its terms and form, it is hard to perceive how it can be governed by the Statute of Limitations, in existence prior to the making of the new contract under the above saving clauses, which only save cases of contracts executed under the old statute whether the cause of action accrued under it or not. Limitations of new contracts was what the Statute of Limitations of 1872 was intended to regulate.

This view of the law and the proper interpretation of the statute of 1872, and the saving clause, leads us to hold that the credit on the note made in September, 1875, long after the statute was in force, had no effect to extend the Statute of Limitations from that date for sixteen years, but only ten years, only being from July 25, 1885, to September 7, 1885, longer than the note would have run without such new statute.

The suit having been brought on April 7, 1886, the cause of action had been several months barred before that time. The claim that the note was extended by promises made to Judson Starr a short time before the suit was brought, if made at all, could avail nothing, as such promise should have been in writing under Sec. 16 of the Limitation Act of 1872, and there is no pretense of any written promise.

The judgment is therefore reversed.

*Judgment reversed.*