WILLIAM DRURY ET AL.

v.

LUCIUS J. HENDERSON.

36  521
143s  315
36  521
165s  133
36  521
179s  384

*Limitations—New Promise—Evidence.*

1. Payments on a note, or the execution of a mortgage as additional security, revive the note for the period provided in the Statute of Limitations, in force at the time of such payments, and not at the time the note was made.

2. A letter from the maker containing a conditional promise to pay a note, without proof of acceptance of the condition by the payee, is not sufficient to stop the running of the Statute of Limitations.

3. The payee's indorsement on a note of the payment of interest is not sufficient to stop the running of the statute.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JAMES H. CONNELL, for appellant.

Mr. THOMAS E. MILCHRIST, for appellee.

UPTON, P. J. This was a bill in equity commenced by appellants against appellee on the 24th day of March, 1888, brought to foreclose a trust deed (mortgage), executed by the

late James Henderson and his wife, Julia Henderson, now deceased, of whose estate the appellee is the son and only heir at law; said deed having been executed to one Amos F. Watterman as trustee, who is also deceased, upon certain lots and blocks in the south addition to Aledo, in said county of Mercer, and given to secure a note for the sum of $800, dated May 20, 1870, payable to one William Drury in one year after date thereof, with interest at ten per cent per annum after maturity; the deed of trust bearing even date with the said note, executed at the same time and duly recorded.

Afterward, and on the 20th day of December, 1872, the above named James Henderson and Julia, his wife, to further secure the payment of the note before described, made, executed and delivered another mortgage deed to the above named William Drury, to a certain other outlot in the same addition to the town or village of Aledo.

On the 17th of October, 1873, James Henderson executed to William Drury another note for the sum of $150, payable six months after date, with interest at ten per cent per annum after maturity, and to secure the payment thereof James Henderson and his wife, Julia, executed a trust deed to one William A. Lorimer as trustee, to certain other real estate in the south addition to Aledo.

The bill was filed to foreclose the above mentioned trust deeds and mortgage, and alleged the execution, delivery and record thereof, the non-payment of the notes or either of them, or the interest thereon, except the interest upon the $800 note, which was alleged to have been paid up to May 20, 1874, and indorsed upon the note.

The appellee by plea and answer filed, interposed the statute of limitations approved April 4, 1872, in force July 1, 1872, to which appellant replied, a new promise.

The cause was referred to the master to take proofs, etc., and compute the interest, etc., who, after hearing the evidence, filed his report, to which were filed exceptions by the appellees. The court found the right of action was barred by the statute of limitations, entered its decree dismissing the bill, from which order and decree an appeal was taken to this

court, and the only question presented in this record is, did the court err in holding the appellant's cause of action barred by the statute of limitations.

It is admitted that the cause of action as to both notes was barred by the statute, unless removed by a new promise. It will be seen that the $800 note, of date of May 20, 1870, falls within the limitation act of 1849, which was sixteen years and, not falling due until one year after date, would be barred in May, 1887, unless revived.

To take the case out of the statute, the appellant introduced in evidence a further mortgage on other property, given by James Henderson and Julia, his wife, to Wm. Drury, the payee of the $800 note, executed December 10, 1872; the alleged payment of interest was indorsed upon the note annually, from 1871 to 1874; also indorsements reciting the same were made by an encyclopædia, had by Wm. Drury from James Henderson, in the year 1876, and annual or yearly subsequent parts thereof, in 1877, and in services claimed to have been rendered in 1879 and 1880. A letter was also put in evidence, of date April 6, 1876, from James Henderson to Drury, in substance proposing that if the appellant, Drury, would release the mortgage on the lots and take a second mortgage thereon, for the balance due him (Drury), that Henderson would borrow $700 and pay him what he owed him. The appellant relied upon an implied new promise, arising out of and predicated upon the fact of these payments, or some one or more of them, having been, in fact, made by James Henderson upon the $800 note, within sixteen years prior to March 4, 1888. The burden of establishing that fact of a new promise was upon appellant.

Upon this issue of a new promise, and upon the several alleged facts herein stated, the trial court, by its decree, found that a new promise was not sustained by the proof.

The mortgage, given as further security for the note of $800, was executed, as we have seen, December 10, 1872, and of necessity was governed, as we think, by the limitation act of 1872, in force July 1, 1872, which was ten years. If this be so, that could not be of aid to appellant in this contention.

Baldwin v. Baldwin, 26 Ill. App. 176; Ziegler v. Tennery, 23 Ill. App. 133.

The payment of the different installments of interest indorsed upon the note was not proven, except by the indorsements, and those were all made in the handwriting of William Drury, the payee and holder of the note, which was not sufficient. William Drury was not a competent witness under the statute. Sec. 2, Chapter 51, R. S. (S. & C.), title, Evidence and Depositions; Lowery v. Gear, 32 Ill. 383; Connelly v. Pierson, 4 Gilm. 108.

The payments claimed by the indorsements of the books, labor, etc., are not such proof of a new promise as is required by the statute in force when these alleged payments were claimed to have been made, nor is the fact of any such payment having been made specifically to be applied upon this note, shown by the evidence in the case. Sec. 16, Chap. 83, R. S. (S. & C.); Lowery v. Gear, *supra;* Connelly v. Pierson, *supra;* Baldwin v. Baldwin, *supra;* Ziegler v. Tennery, *supra.*

The letter under date April 6, 1879, introduced in the trial court, is at most but a conditional promise with no proof of acceptance of the condition, and was not sufficient, under the statute before cited, to establish a new promise. Kallenbach v. Dickinson, 100 Ill. 428; Lowery v. Gear, *supra ;* Wachter v. Albee, Adm'x, 80 Ill. 47.

What we have said applies with equal, if not greater force to the other notes secured by the other mortgages and deeds of trust in the bill of complaint stated and set forth, and no useful purpose would be served by further discussion concerning them, as we are fully satisfied the statute of limitations had run upon, and was a bar to any recovery upon the several causes of action in the bill stated, when the suit was commenced in the court below, and in our judgment the Circuit Court did not err in dismissing complainants' bill, and that decree is affirmed.

*Decree affirmed.*