## Abraham A. Willett et al. v. John A. Maxwell et al.

1. USURY—*Mortgages to Secure Pre-existing Debts.*—The fact that, in making up the amount to be secured by a mortgage, a note held by the mortgagee against the mortgagor is included as a part of the mortgage debt, does not render the transaction usurious, although the amount to be secured be made payable at a future date and interest thereon be deducted in advance.

2. LIMITATIONS—*Mortgage Foreclosures.*—A suit to foreclose a mortgage, given to secure a note, may be brought at any time within ten years from the date of the last payment indorsed upon the note.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

PEPPER & SCOTT, attorneys for appellants.

JAMES M. WILSON, attorney for appellees.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit in equity upon a bill filed by appellee against appellants, to foreclose a mortgage given to secure a note for $1,400, executed by appellants to appellee. The defenses interposed were usury, the statute of limitations, and payment.

There were several references to the master to take and report proofs and his findings thereon, and to compute the amount due upon the note, and upon a final hearing there was a decree in favor of appellee for the sum of $1,880.04, with the usual provisions as to foreclosure and sale in default

of payment. Appellants prosecute this appeal and assign various errors, and appellee assigns cross-errors complaining that the court erroneously ordered the master to charge appellee with various items of credit to appellants amounting to $408.96 by which amount he insists the decree is too small. On a former hearing of the cause the court below sustained the defense of usury, and decreed against appellee Maxwell, who brought the case to this court, where the decree was reversed, this court holding that on the facts then appearing in the record the defense of usury was not sustained. Maxwell v. Willett et al., 49 Ill. App. 564.

The only substantial difference between the proofs then and now upon that point is, that it now appears the $1,260 involved in this suit was made up in part of the amount due upon a note for $500, then held by appellee against appellant, and which was treated as cash and the old note surrendered in making up the new loan. We think that fact made no difference. The surrender of the old note was equivalent to an advancement of so much cash in making up the new loan, and was so treated by the parties. There was no usury in the transaction. We do not regard the case of First Nat. Bank v. Davis, 108 Ill. 633, as militating against the views expressed by us in this case as reported in 49 Ill. App. 564, *supra*.

The defense of the statute of limitations was not sustained. There is no pretense that appellants did not pay interest annually on the principal indebtedness, and the proofs show that indorsements of the payments were made on the note, in writing, from time to time as they were made. It was not necessary this writing should be signed by appellants in order to keep the note alive and prevent the bar of the statute of limitations. Bowles v. Keator et al., 47 App. 98.

It is the well recognized law of this State that a suit to foreclose the mortgage given to secure a note may be brought at any time within ten years from the date of the last payment indorsed upon the note. Zeigler v. Tennery, 23 Ill. App. 133; Baldwin v. Baldwin, 36 Ib. 176; Schif-

ferstein v. Allison, 24 Ib. 294; Schifferstein v. Allison, 123 Ill. 662.

In this case the last indorsement of interest paid upon the note was dated January 7, 1891, so that this suit was brought in apt time.

There was no error on the part of the court in decreeing against the defenses of usury and the statute of limitations.

As to the cross-errors assigned by appellee, we are not disposed to interfere with the action of the court in allowing the various credits to appellants of which appellee now complains.   The evidence concerning some of these credits is confused and unsatisfactory, but the court below had better opportunities of coming to a correct conclusion on these points than we have, and we will not disturb its findings.

On the evidence, we think justice has been done between the parties by the decree, and it will be affirmed.