ABRAHAM A. WILLETT *et al.*

*v.*

JOHN A. MAXWELL *et al.*

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

1. BILLS AND NOTES—*not usurious to deduct first year's interest in advance.* It is not usurious for the payee of a note to collect and receive the first year's interest thereon in advance.

2. LIMITATIONS—*authorized payments, endorsed by payee, afford sufficient "writing" to toll statute.* While the payee of a note cannot avoid the Statute of Limitations by endorsing unauthorized payments thereon, yet his endorsement thereon of the payor's authorized payments constitutes a sufficient "writing" to toll the statute. The signature of the payor to the endorsements is not essential.

*Willett* v. *Maxwell,* 68 Ill. App. 119, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

PEPPER & SCOTT, and GEORGE A. COOKE, for appellants:

We contend that this transaction was usurious. *Bank* v. *Davis,* 108 Ill. 633.

The usury laws cannot be evaded by mere pretenses, shifts or evasions. The policy of the statute is to protect the weak and necessitous from the oppression of the strong. *Payne* v. *Newcomb,* 100 Ill. 614.

A payment is an acknowledgment, and therefore, so far as a payment is concerned, under our statute, when it provides, "but if any payment or new promise to pay shall have been made in writing," a payment will remove the bar only when evidenced by writing, signed by the party to be charged. *Fairbanks* v. *Dawson,* 9 Cal. 90; *Heinlin* v. *Castro,* 22 id. 101; *Pena* v. *Vance,* 21 id. 149.

Our statute requires that the suit be brought within ten years after action accrues, excepting, only, "if any payment or new promise to pay shall have been made in writing," then such action may be brought within ten years thereafter. When a party seeks to avail himself of an exception in the law he must bring himself clearly within the strict provisions thereof. Potters' Dwarris, 118, note 11; *United States* v. *Dickson,* 15 Pet. 141; *Roberts* v. *Yarboro,* 41 Tex. 449; *Epps* v. *Epps,* 17 Ill. App. 196.

JAMES M. WILSON, for appellees:

When usury is alleged, upon the party alleging it is the burden of proving it. *Puterbaugh* v. *Farrell,* 73 Ill. 213; *Boylston* v. *Bain,* 90 id. 283; *Kihlholz* v. *Wolf,* 103 id. 362.

Interest may as lawfully be received beforehand for forbearing, as after the term is expired for having forborne. *McGill* v. *Ware,* 4 Scam. 21; *Goodrich* v. *Reynolds,* 31 Ill. 490; *Mitchell* v. *Lyman,* 77 id. 525; *Brown* v. *Mortgage Co.* 110 id. 235; *Telford* v. *Garrels,* 132 id. 550.

A new promise may be implied from the fact of a partial payment made, even after the bar of the statute had become complete, if the party sought to be charged had an affirmative intention in making the payment, and that it should be applied to the particular debt. *Kallenbach* v. *Dickinson,* 100 Ill. 427; *Lowry* v. *Gear,* 32 id. 382.

Mr. JUSTICE CARTER delivered the opinion of the court:

There are but two points of importance made by appellants upon this appeal against the decree rendered by the circuit court. The first is, that an usurious rate of

interest was charged by appellees upon the note secured by the deed of trust sought to be foreclosed; and the second is, that the note was barred by the Statute of Limitations of ten years, and for these reasons the bill to foreclose could not be maintained.

It seems that on March 1, 1876, appellant Abraham A. Willett was indebted to appellee Maxwell upon a note for the sum of $500, which was then due. Not being ready to pay the same and being desirous of borrowing a larger sum, he executed his note to Maxwell for $1400, payable in one year, with interest at the rate of ten per cent after its maturity. Maxwell testified that the amount agreed upon to be borrowed by Willett was $1400. Willett testified that the amount was $1260. It was agreed that the interest should be paid in advance. The old note for $500 was taken up and Maxwell paid to Willett the sum of $760, being the balance of $1400 after deducting the $500 note and $140 for one year's interest. Willett and his wife executed their deed of trust upon real estate to secure the payment of the said $1400 note. Interest at the rate of $140 per annum,—that is, ten per cent on the face of the note,—was paid for many years.

When the cause was first heard in the circuit court the contention of appellant that the transaction was affected with usury was sustained, but the decree was reversed by the Appellate Court (*Maxwell* v. *Willett*, 49 Ill. App. 564,) and the cause remanded, and upon further hearing the present decree, in accordance with the decision of the Appellate Court, was rendered, and it having been affirmed by the Appellate Court, the appellant has prosecuted this his further appeal.

The contention of appellant is, that the amount borrowed by him must be determined by the amount which he received, which, including the amount due on the $500 note, was $1260, and that the interest on this amount at ten per cent per annum would be $126, and not $140, to be paid annually; that the effect of the transaction was that

Maxwell reserved interest at the rate of 11.9 per cent instead of ten per cent per annum, the latter being the highest rate then allowed to be contracted for under the statute.  As we view it, the whole case resolves itself into one question,—that is, whether or not it was permissible for the lender to charge the highest rate of interest allowed by the statute and require the borrower to pay the interest for the first year in advance, for if Maxwell had, besides canceling the $500 note, paid over to Willett $900 and taken the latter's note for $1400, and Willett had then paid Maxwell $140, the first year's interest, the result would have been precisely the same as it was from the plan adopted.  To deduct $140, the amount of the first year's interest, and pay Willett $760, was in effect the same as to pay Willett $900 and receive back from him in the same transaction the $140; and in either case Willett's obligation to Maxwell would have been for the full amount of $1400, with the interest for the first year paid, leaving the note to bear interest only after maturity, as it was in fact drawn.  It is unnecessary to consider the question what the effect would have been had the loan been for a term of years and the whole amount of the interest to the end of the term been paid in advance, as in the case supposed by counsel.  The law is well settled in this State that it is not usurious to collect and receive the first year's interest in advance.  *McGill* v. *Ware*, 4 Scam. 21; *Goodrich* v. *Reynolds*, 31 Ill. 490; *Mitchell* v. *Lyman*, 77 id. 525; *Hamill* v. *Mason*, 51 id. 488; *Brown* v. *Scottish-American Mortgage Co.* 110 id. 235; *Hoyt* v. *Pawtucket Inst. for Savings*, id. 390; *Telford* v. *Garrels*, 132 id. 550.

We do not regard the case relied on by appellant, of *First Nat. Bank* v. *Davis*, 108 Ill. 633, as sustaining his contention.  The effect of what was held in that case was, that the reservation of interest on interest in advance was usurious.  A reference to the case will show that while the note did not draw interest until after maturity, yet not only the first year's interest but also interest upon

the first year's interest was included in the note. A careful examination of the case will show a material difference between it and the case at bar. Under the repeated rulings of this court the contract here was not usurious.

The next contention is, that the note was not taken out of the Statute of Limitations by the successive payments made by the payor and the endorsements thereof on the note by the payee; that the statute requires that payment or a new promise to pay must be in writing in order to take the case out of the statute. Section 16 of the act in regard to limitations, after providing that actions on promissory notes, etc., shall be commenced within ten years next after the cause of action accrued, provides: "But if any payment or new promise to pay shall have been made, in writing, on any bond, note, * * * within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay." It is not disputed that appellant did make payments on the note in question, from time to time, within and after the period of ten years, and that the same were endorsed on the note by the payee, but the claim is, that as such endorsements were not made by the payor,—nor, being made by the payee, were they signed by the payor,—they were not, within the meaning of the statute, made or preserved in writing. Without stopping to consider whether or not it is meant by the statute that the payment as well as the new promise must be made in writing, it is apparent that the evidence of these payments was preserved in writing on the note itself by the endorsement of the one authorized to make it; and inasmuch as there was no dispute as to the payments, it is clear, we think, that the evidence of such payments was in writing. It is not, of course, meant to be said that the payee of a note may endorse payments thereon which were not made by any one authorized to make them, and thus avoid the Statute of Limitations; but here such payments were not disputed

by appellant, but were relied upon by him to sustain his contention that he had paid the note, exclusive of the alleged usurious interest which was not collectible, and the acknowledgment of such payments was endorsed on the note by the payee. There would seem to be no doubt that the right of action was kept alive notwithstanding that more than ten years had elapsed after the cause of action on the note first accrued.

Appellee makes some contention that he should have been allowed a larger amount than was found by the trial court in his favor; but we are not satisfied, from the evidence, that his claim in that respect is well founded, and we see no sufficient reason for disturbing the decree. The judgment of the Appellate Court affirming it will therefore be affirmed.

*Judgment affirmed.*