# ADOLPH SUNDAHL v. FIRST STATE BANK OF EDMUNDS.

(155 N. W. 794.)

**Interest — taken in advance — loans — usury.**

1. Plaintiff borrowed $300 of defendant bank in 1911, giving therefor his

---

Note.—On the general question of purchase of paper at discount as usury, see note in 43 L.R.A.(N.S.) 211.

promissory note for $340.90, due in one year and bearing no interest until after maturity.

*Held*, not usurious under § 5166, permitting banking associations to deduct or withhold from the amount of the loan one year's interest at 12 per cent per annum taken in advance.

**Usury — jury — instructions.**

2. Many of the claimed items of usury should have been eliminated, by instructions, from the consideration of the jury.

**Promissory note — interest on — bank — evidence — good faith.**

3. Where many items entered into the consideration for which the note was given, and the dispute of fact turned on whether certain amounts were disbursed by the bank for plaintiff, or instead paid by him, it was error to exclude evidence of good faith of the bank in the transaction, as the intent to take usurious interest would be in issue.

**Proof — exclusion of — books — consideration — error.**

4. Exclusion of proof by the bank books showing the items entering into the consideration for the note was error.

Opinion filed January 6, 1916.

An appeal from a judgment of the District Court of Stutsman County; *Coffey*, J. Defendant appeals.

Reversed.

*Knauf & Knauf* and *Engerud, Holt, & Frame*, for appellant.

The statute recognized the rule generally prevailing without the aid of any statute, that it is not usurious to charge and collect interest at the lawful rate in advance. Fleckner v. Bank of United States, 8 Wheat. 338; Moore v. Bank of the Metropolis, 13 Pet. 302, 10 L. ed. 172; Maine Bank v. Butts, 9 Mass. 49; Agricultural Bank v. Bissell, 12 Pick. 586; Lloyd v. Williams, 2 W. Bl. 792; Manhattan Co. v. Osgood, 15 Johns. 162; Bank of Utica v. Phillips, 3 Wend. 408; Marvine v. Hymers, 12 N. Y. 223; Hawks v. Weaver, 46 Barb. 164; Lyon v. State Bank, 1 Stew. (Ala.) 442; Cole v. Lockhart, 2 Ind. 631; English v. Smock, 34 Ind. 115, 7 Am. Rep. 215; Bank of Burlington v. Durkee, 1 Vt. 403; Newell v. National Bank, 12 Bush, 57; Stribbling v. Bank of the Valley, 5 Rand. (Va.) 132; McGill v. Ware, 5 Ill. 29; Mitchell v. Lyman, 77 Ill. 525; Brown v. Scottish-American Mortg. Co. 110 Ill. 235; Willett v. Maxwell, 169 Ill. 540, 48 N. E. 473; Tepoel v. Saunders County Nat. Bank, 24 Neb. 815, 40 N. W. 415;

Vahlberg v. Keaton, 51 Ark. 534, 4 L.R.A. 462, 14 Am. St. Rep. 73, 11 S. W. 878; Bank of Newport v. Cook, 60 Ark. 288, 29 L.R.A. 761, 46 Am. St. Rep. 171, 30 S. W. 35; Tholen v. Duffy, 7 Kan. 405; State Bank v. Hunter, 12 N. C. (1 Dev. L.) 100; Mackenzie v. Flannery, 90 Ga. 590, 16 S. E. 710; Ticonic Bank v. Johnson, 31 Me. 414; Goodale v. Wallace, 19 S. D. 405, 117 Am. St. Rep. 962, 103 N. W. 651, 9 Ann. Cas. 545.

The only difference is that in those cases the courts read into the usury statute, by judicial construction, a rule which the North Dakota statute declares in express terms. Moore v. Bank of the Metropolis, 13 Pet. 302, 10 L. ed. 172; Vahlberg v. Keaton, 51 Ark. 534, 4 L.R.A. 462, 14 Am. St. Rep. 73, 11 S. W. 878; Bank of Newport v. Cook, 29 L.R.A. 761 with extended notes (60 Ark. 288, 46 Am. St. Rep. 171, 30 S. W. 35); McGill v. Ware, 5 Ill. 29; Mitchell v. Lyman, 77 Ill. 525; Willett v. Maxwell, 169 Ill. 540, 48 N. E. 473; Marvine v. Hymers, 12 N. Y. 223; Lyon v. State Bank, 1 Stew. (Ala.) 442; Cole v. Lockhart, 2 Ind. 631.

It shall be lawful to receive such interest according to the ordinary usage of banking associations. Comp. Laws 1913, § 5166.

The bank books were sufficiently identified as evidence. Comp. Laws 1913, § 7909.

In a proper case, the court has power to reduce or add to the amount of the verdict, where there is a mere error of computation, and the record furnishes the data showing the error or just what should have been done. Fletcher Bros. v. Nelson, 6 N. D. 94, 69 N. W. 53; Carpenter v. Dickey, 26 N. D. 176, 143 N. W. 964.

But the court cannot speculate as to what the jury intended, and thus amend the verdict. Minot v. Boston, 201 Mass. 10, 25 L.R.A.(N.S.) 311, 86 N. E. 783; Fiore v. Ladd, 29 Or. 528, 46 Pac. 144; Crich, v. Williamsburg City F. Ins. Co. 45 Minn. 441, 48 N. W. 198; Acton v. Dooley, 16 Mo. App. 449; Watson v. Damon, 54 Cal. 278; Goggan v. Evans, 12 Tex. Civ. App. 256, 33 S. W. 891.

*M. C. Freerks,* for respondent.

An assignment of error must be made so that the court may ascertain from the brief just what is meant. 2 Enc. Pl. & Pr. 943; Minot Flour Mill Co. v. Swords, 23 N. D. 571, 137 N. W. 828.

The appellate court will not search for errors not clearly and properly assigned. State v. Cleveland, 23 S. D. 335, 121 N. W. 841.

Local commercial usages must be pleaded. 12 Cyc. 1097.

A custom introduced as an affirmative defense should be specifically pleaded. Templeman v. Biddle, 1 Harr. (Del.) 522; Lindley v. First Nat. Bank, 76 Iowa, 629, 2 L.R.A. 709, 14 Am. St. Rep. 254, 41 N. W. 381; Turner v. Fish, 28 Miss. 306; Hayden v. Grillo, 42 Mo. App. 1; Anderson v. Rogge, — Tex. Civ. App. —, 28 S. W. 106; Norwood v. Alamo F. Ins. Co. 13 Tex. Civ. App. 475, 35 S. W. 717.

Where a transaction is within the statutes against usury, the usage of trade as to such transaction cannot be received in evidence to show that it is not usurious. Jones v. McLean, 18 Ark. 456; 12 Cyc. 1097; Daquin v. Colron, 3 La. 387; Harrod v. Lafarge, 12 Mart. (La.) 21; Bank of Utica v. Smalley, 2 Cow. 770, 14 Am. Dec. 526; Bank of Utica v. Wager, 2 Cow. 712; New York Fireman Ins. Co. v. Ely, 2 Cow. 678; Dunham v. Gould, 16 Johns. 367, 8 Am. Dec. 323; Dunham v. Dey, 13 Johns. 40; Gore v. Lewis, 109 N. C. 539, 13 S. E. 909; Niagara County Bank v. Baker, 15 Ohio St. 68; Greene v. Tyler, 39 Pa. 361; Smetz v. Kennedy, Riley L. 218; Cooper v. Sanford, 4 Yerg. 452, 26 Am. Dec. 239.

Loans on "personal security" do not include loans made on real estate security. There is a distinction in the statute. Cleveland v. Shoeman, 40 Ohio St. 176; Pittsburgh Locomotive & Car Works v. State Nat. Bank, 1 N. Y. Week. Dig. 332, Fed. Cas. No. 11,198; Montgomery Nat. Bank v. McCleaster, 2 Pa. Dist. R. 546; 6 Words & Phrases, 5362; Merrill v. National Bank, 173 U. S. 131, 43 L. ed. 640, 19 Sup. Ct. Rep. 360; Colorado Sav. Bank v. Evans, 12 Colo. App. 334, 56 Pac. 981.

Goss, J. This appeal is from a judgment finding defendant bank to have taken usurious interest, and penalizing it in double the amount of the interest so taken. Numerous errors are assigned. The principal one underlying the whole case concerns the computation of interest, where the deduction of interest to maturity is made in advance at the time of the taking of the note. Several alleged usurious transactions, consisting of overcomputation of advance interest, are charged. One only will be taken as illustrative of all. Plaintiff procured in cash, or

its equivalent, the sum of $300, giving therefor his note due in one year with no interest until after maturity, for the aggregate amount as of principal and interest earned at maturity, of $340.90. Is this transaction usurious? is the law question presented. Plaintiff contended upon trial, and urges on this appeal, that but 12 per cent on the $300, or $336, could thus be taken; or he says if it be conceded that if defendant could exact 12 per cent in advance, it could but charge 12 per cent interest upon the interest, $36, which, added to the interest and principal, would authorize at the most a note for $340.32, and that as this note was taken for $340.90, the entire interest charge was usurious, and double that amount, or $81.80, should be recovered on that cause of action. The trial court agreed with plaintiff concerning his interpretation of the law governing computation of advance interest, and instructed the jury explicitly "that the interest rate should be figured upon the money or value *received* by the borrower," and it could not exceed 12 per cent per annum on that amount, and "if you find by calculation that said sum (the amount of interest taken) is a greater rate than is permitted by the statute (12 per cent per annum) and as defined in these instructions, then the same is usurious;" and again: "The lender is allowed to withhold interest for one year at 12 per cent per annum, in advance at the time of the making of the loan, but any greater rate of interest is usurious." "The test of the existence of usury is, Will the contract as performed result in producing to the lender a rate of interest greater than is allowed by law, and was that result intended?" Besides this, during the trial the court examined the cashier of defendant bank, who transacted for it the alleged usurious loan, at some length as to the manner of his computation of the interest, and in such a way that the jury could not well have believed therefrom that the transaction was other than usurious, and showing that the trial court through the trial, as well as in its instructions, adopted respondent counsel's view of the law as to computation of advance interest. So the error, if such, is basic and prejudicial.

The question is but one of calculation of interest. For every dollar of the face of the note the borrower must be paid at least 88 cents (see extended note in 29 L.R.A. 761, citing scores of cases); and the question resolves to simply how much upon this basis the face of the note must be to enable the borrower to obtain $300 in cash. He must there-

fore give a note for $340.90, exactly the amount for which this one was taken. There is no usury in the transaction concerning the $340.90 loan, nor any of them made, unless it be the loan for $701.35, mentioned in the complaint. Tholen v. Duffy, 7 Kan. 405; Agricultural Bank v. Bissell, 12 Pick. 586; Fleckner v. Bank of United States, 8 Wheat. 338, 5 L. ed. 631; Vahlberg v. Keaton, 51 Ark. 534, 4 L.R.A. 462, 14 Am. St. Rep. 73, 11 S. W. 878; Bank of Newport v. Cook, 60 Ark. 288, 29 L.R.A. 761, 46 Am. St. Rep. 171, 30 S. W. 35; McGill v. Ware, 5 Ill. 29; Willett v. Maxwell, 169 Ill. 540, 48 N. E. 473; Marvine v. Hymers, 12 N. Y. 223. And as to this it cannot be usurious, because of prior loans carried forward and entered into it as a part of the consideration, because none of the prior loans are usurious, all being under identical computations to that of the $340.90 loan. The court should have instructed the jury that all the loans pleaded, except the one for $701.35, were not usurious. Failure to do so was unquestionably reversible error.

As to the note for $701.35, the only basis upon which usury could be found or predicated must be upon the disputed question of fact of whether items to the amount of $48.65 were properly included in, and were a part of the consideration for, said note as advancements for interest charges paid by the bank for the plaintiff, or whether, on the contrary, as plaintiff claims, they had no place as a part of the consideration of the note, because he had paid the coupon interest notes himself in cash not borrowed of the bank. The only issue of fact, preliminary to any question of usury, was whether plaintiff paid these two interest coupon notes to other parties, for $30 and $12 respectively, admittedly overdue, with cash furnished by himself, or, instead, whether the bank advanced him the cash to take them up. Plaintiff admits the notes were paid by defendant bank's draft. But he says he bought the draft. The bank says he did not; that it was an advancement, a loan. Thus this entire usury suit resolves into this simple dispute. If it be merely a good-faith dispute, no usury is in the case. If the bank honestly believed it made the advancement it should prevail, whether it made it or not. Of course, should the jury find with plaintiff that he bought this draft with money produced by him, and not borrowed of defendant, and that the bank, acting in bad faith, had knowingly and intentionally in fact included this amount as a bonus or interest overcharge in the note

taken, the bank would be guilty of taking usurious interest. The question of intent would then be controlling. Waldner v. Bowden State Bank, 13 N. D. 604, 102 N. W. 169, 3 Ann. Cas. 847 and Miller v. Bank of Harvey, 22 N. D. 538, 134 N. W. 745. Note in 23 L.R.A. (N.S.) 391. And the jury should be fully instructed thereon. The scope of the proof should be enlarged over what was allowed on this trial, objections having been sustained to inquiries touching the intent of the defendant in these transactions.

The court properly excluded the proof offered by the defendant to show that the custom of other banks was to exact 12 per cent interest so computed and taken in advance upon loans, and offered probably because of the phraseology of § 5166, Comp. Laws 1913. But its reasoning was fallacious. The court should have taken judicial notice of the fact that the defendant bank was a "banking association" within that statute, and as such entitled "to receive such interest, . . . and for not more than one year in advance."

Respondent argues that these loans are not "loans on personal security," and not within said statute, § 5166, permitting deduction of one year's interest in advance, and hence the case is determined by § 6075, Comp. Laws 1913, forbidding taking of more than ninety days' advance interest. Section 5166 reads: "Such association may demand and receive for loans on personal security, or for notes, bills, or other evidences of debt discounted, such rate of interest as may be agreed upon, not exceeding the amount authorized by law to be contracted for, and it shall be lawful to receive such interest according to the ordinary usage of banking associations, and for not more than one year in advance." This statute applies to all notes, bills, or other evidences of debt, as well as to loans made upon strictly personal security. The term "discounted," in banking circles, has a more comprehensive meaning than the mere purchase of negotiable paper at a discount, and covers loan transactions as well. Fleckner v. Bank of United States, 8 Wheat. 338, 5 L. ed. 631. The transaction is one within the statute quoted.

In view of a new trial it should be stated that the exclusion of the bank books showing the items in notes, interest, exchange, and expenses, that entered into the consideration for the $701.35 note, was error. The defendant was entitled to have the testimony of its cashier as to such

items corroborated by the bank books showing them. And the fact that the total of the various items shown upon the books and connected with the note by number as to bills receivable when computed correctly, with interest at 12 per cent for five months, the term of the note taken, in advance, was the exact amount for which the note was taken, is in itself a strong corroborative circumstance in defendant's favor. It was entitled, upon the foundation laid, to have the bank books concerning the transactions, admittedly in the bank cashier's handwriting, he negotiating the loan, received in evidence.

The complaint as filed asked judgment for $661.74. The jury returned a verdict awarding plaintiff damages for $661.70. Both the jury and the court overlooked the fact that before any evidence was offered at the opening of the trial, plaintiff's counsel admitted an error of $100 in the computation made in the complaint, and reduced his demand in that amount. Immediately upon the return of the verdict, in open court, counsel for plaintiff called attention to the error in the original complaint, and asked there and then to remit $100 of the verdict. He subsequently voluntarily remitted $275.40 of the recovery, and entered judgment for only $386.30, damages. In view of a retrial it may be stated that the verdict cannot exceed $167.40 (double the difference between $617.65 and $701.35), together with double the amount of interest paid that accrued subsequent to maturity of said note, if any additional interest was paid, so that the judgment appealed from, assuming the truth of plaintiff's testimony on the issue of fact involved, is approximately $200 excessive.

Respondent has, after oral argument in this court, tendered a supplemental brief in which for the first time he attempts to raise the constitutionality of § 5166, Comp. Laws 1913, claiming it to be special legislation and a violation of § 20 of the state Constitution so far as it authorizes banking associations to exact advance interest for one year on loans, while the general statutes applicable to all others allow but ninety days' advance interest to be so taken. The question was not raised below, is not briefed, is raised too late, and will not be passed upon.

The judgment appealed from is ordered vacated, and a new trial granted as to the cause of action concerning usury in the $701.35 note. Appellant will recover costs on this appeal.