BENJAMIN F. FRIDLEY

*v.*

EDWIN A. BOWEN *et al.*

*Filed at Ottawa January 18, 1882—Rehearing denied September Term, 1882.*

1. APPLICATION OF PAYMENTS—*in case of a special security for part of a debt—as to the privilege of the creditor.* A, and a coal and iron company, in which he was largely interested, being indebted to a bank in the sum of $17,000 for advances, A made and delivered his note and mortgage for $10,000, payable to the order of B, in one year, with interest, to secure $10,000 of the debt due the bank, after which A conveyed the premises to C, with covenants of warranty, upon a valid consideration, and from time to time made payments to the bank until over $12,000 of the debts making up the sum of $17,000 were paid, without giving any directions as to what part of the indebtedness the payments should be applied: *Held,* that the payments thus made discharged the note and mortgage.

2. The note and mortgage were pledged as collateral security for the payment of $10,000 of the $17,000 due, and not for the payment of the latter amount. In such a case no privilege is left with the creditor to apply the payments to a part of the debt not covered by the pledge.

3. It is one thing for a man to bind his land to the extent of $10,000 that the whole of a $17,000 debt shall be paid, and quite another thing to bind his land to the extent of $10,000 that ten-seventeenths of the whole debt shall be paid. In both cases the charge upon the land is limited to the sum of $10,000, but in the first case it can only be discharged by payment of the whole of the $17,000, or by payments made to that extent *specifically* on the mortgage note, or specifically to discharge the lien upon the land, while in the latter case the land is discharged by the payment of any part of the $17,000 debt to the extent of ten-seventeenths thereof.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. R. G. MONTONY, for the appellant:

The law is well settled that where the debtor's own negotiable note is taken for a preëxisting debt, it is *prima facie* evidence of payment, and when such note is taken by the creditor for an antecedent debt, it will be presumed to have been taken in satisfaction of it, unless it be shown to have been intended as collateral security. 2 Greenleaf on Evidence, secs. 519, 520; *Cornwall* v. *Gould*, 4 Pick. 444; *Barclay* v. *Gooch*, 2 Esp. 531; *Thatcher* v. *Densmore*, 5 Mass. 299; *Huse* v. *Alexander*, 2 Metc. 157; *Babcock* v. *Hawkins*, 23 Vt. 561; *Ryan* v. *Dunlap et al.* 17 Ill. 40; *Smalley* v. *Edey*, 19 id. 207; *Ralston et al.* v. *Wood*, 15 id. 171; *Wilkinson* v. *Stewart et al.* 30 id. 58; *White* v. *Jones et al.* 38 id. 162; *Walker et al.* v. *Douglas et al.* 70 id. 451; *Yates* v. *Valentine*, 71 id. 644; *Morrison* v. *Smith*, 81 id. 223; *Nevins et al.* v. *Gourley et al.* 95 id. 206; *Castleman* v. *Holmes*, 4 J. J. Marsh. 1; *Dixon* v. *Dixon*, 31 Vt. 450.

From the foregoing authorities the settled rule in this State appears to be:

*First*—When there is no express agreement showing the intention of the parties, the law will presume, if the negotiable paper is given for the antecedent debt, that it was given in payment thereof, and that the same is satisfied and a new debt created.

*Second*—Where it is intended merely as collateral or additional security for the debt, there must be an express agreement or acts of the parties sufficient to show that such was the intention.

*Third*—That whether it is intended as payment or additional security, is a question of fact, to be proved as any other fact, taking into consideration the purposes and objects

for which it is given, the acts of the parties at the time, and all the attendant circumstances.

We contend, however, that it is not necessary to show that the $17,000 has all been paid. Under the terms of the contract, when Taylor paid $10,000 of the $17,000, the mortgage was satisfied.

Mr. FRANK J. CRAWFORD, for the appellees:

Upon the giving of the mortgage the antecedent indebtedness of $17,000 was thereby made to consist substantially of two debts, one of $10,000 secured, and the other of $7000 unsecured. Payments were made, it is true, but no directions were given by the debtor as to their application. The case therefore falls within the rule that when a creditor holds two debts against another, and one is secured and the other is not, and payments have been made by the debtor, and there is no evidence that he directed their application, it will be presumed that they were credited on the debt for which he held no security. *Hare* v. *Stegall*, 60 Ill. 380.

The common law rules governing the application of partial payments, by a person indebted on more than one account, are:

*First*—The person paying may, at or before the time of payment, prescribe the application of the payment.

*Second*—If he omit to do so, the creditor may apply it as he pleases.

*Third*—If neither applies the payment, the application devolves on the court, who will make such application as is reasonable and equitable.

That the general principle is, that the creditor's right of appropriation is indefinite, and may be exercised at any time, is established by a conclusive weight of authority in England and in this country. 1 American Leading Cases, (5th ed.) 345, *281; *Arnold* v. *Johnson*, 1 Scam. 196; *McFarland et al.* v. *Lewis et al.* 2 id. 344; *Bayley* v. *Wynkoop*, 5 Gilm. 449;

*Heintz* v. *Cahn et al.* 29 Ill. 308; *Lowery* v. *Gear*, 32 id. 382; *Sprague et al.* v. *Hazenwinkle*, 53 id. 419; *Bonnell* v. *Wilder*, 67 id. 327; *Wilhelm* v. *Schmidt et al.* 84 id. 183; *Davis Sewing Machine Co.* v. *Buckles*, 89 id. 243; *Chester* v. *Wheelwright et al.* 15 Conn. 562; Jones on Mortgages, sec. 348; *Johnson's Appeal*, 37 Pa. St. 268.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The First National Bank of Mendota, on the 25th of March, 1875, had advanced moneys to E. D. Taylor, and to the Illinois Coal and Iron Company, in which Taylor was largely interested, to such amounts that the entire indebtedness to the bank then amounted to the sum of $17,000, and each part thereof was evidenced by paper either made or indorsed by Taylor. Taylor on that day made and delivered to Bowen his own note and mortgage for the sum of $10,000, payable to the order of Bowen, one year after that date, with interest. This note and mortgage were made and delivered to Bowen "to secure $10,000 of this indebtedness to the bank of $17,000," and for no other purpose. Soon after, the mortgage being duly recorded, Taylor, in consideration of equities claimed to exist before the mortgage was made, conveyed the property mentioned in the mortgage to Fridley, with covenants against incumbrances. Taylor, from time to time, after the making of the note and mortgage, made payments to the bank, until over $12,000 of the debts making up the sum of $17,000 were paid. At the time when these payments were made no directions were given by Taylor as to what part of this indebtedness the payments should be applied. This is a bill by Bowen and the bank, brought to foreclose this mortgage, against Taylor, Fridley and others. Fridley alone makes defence. In the Superior Court of Cook county, in which the bill was filed, a decree, on hearing, was made, dismissing the bill as against Fridley. Bowen and the bank appealed to the Appellate Court. There the decree

below was reversed and the cause was remanded, with specific directions to the court below to enter a decree charging the property in question with a lien for the sum of $4711.77, being the amount still unpaid of the $17,000 debt to the bank. From this decree Fridley appeals to this court.

Upon the view taken of this case by a majority of the court, it is necessary to notice but one of the grounds relied upon by appellant. The proof shows that this note and mortgage were pledged to the bank as security for the payment of "$10,000 of the debt of $17,000" due the bank. More than $10,000 of that debt has been paid. That thing for the performance of which this property stood pledged has actually been done. It follows necessarily that the note and mortgage are thereby discharged of the lien of the bank. This note and mortgage were held for the benefit of the bank, by Bowen, as collateral security that ten-seventeenths of the debt of $17,000 should be paid to the bank. The note and mortgage were not pledged as security for the payment of the *whole* of the debt of $17,000. The nature of the contract, arising from the making of this note and mortgage, and their delivery to Bowen, is the vital question. The substance of that contract is the same as if, instead of pledging this note and mortgage, as was done, Taylor had executed to the bank a guaranty that ten-seventeenths of the $17,000 debt should be paid, and to secure that guaranty had executed the mortgage in question.

It is contended that when Taylor made payments the bank had a right to apply the payments to that part of the $17,000 not covered by the security. If the guaranty had covered any specific part of the whole debt, this might have been so; but by the very terms of the arrangement, as stated by the witness Bowen, the pledge had relation to that part of the debt which should be first paid. This being so, there was no privilege left to the creditor to apply the payments to a part of the debt not covered by the pledge. It is one thing for a

man to bind his land to the extent of $10,000 that the whole of a $17,000 debt shall be paid, and quite another thing to bind his land to the extent of $10,000 that ten-seventeenths of the whole debt shall be paid. In both cases the charge upon the land is limited to the sum of $10,000; but in the first case it can only be discharged by general payment of the whole of the $17,000, or by payments made to that extent *specifically* on the mortgage note, or specifically to discharge the lien upon the land, while in the latter case the land is discharged by the payment of *any part* of the $17,000 debt, to the extent of ten-seventeenths thereof.

The case of *Chester* v. *Wheelwright*, 65 Conn. 562, is not in point. The pledge in that case was in substance a charge upon the land to the extent of $3000, as security for the *whole* debt of $10,426. The party who sought to apply payments made generally upon the whole debt in discharge of the land, had bought the land *subject* to this mortgage. By the very terms of his purchase he accepted the burden, and undertook to pay it. Fridley bought the land with covenants against the burden, and did not undertake to pay it. The terms, purpose and mode of the pledge of the land in that case were entirely different from the terms, purpose and mode of the pledge in this case, and the equities between the parties were very different.

The confusion of appellee, in the case at 'bar, may arise, in a measure, from the fact that the amount of the principal of the note and mortgage given is the same with the amount to be secured by the note and mortgage. Had this note and mortgage been made on its face for $20,000, payable one year from date, with interest, and had these papers in that form been pledged to the bank "to secure $10,000 of the $17,000," or ten-seventeenths of that debt, could there be any doubt that the payment of $10,000, upon any part of the $17,000, would have released the pledge? When released from the pledge, the note and mortgage, whether on their

face calling for $10,000 or $20,000, are of no further force, for it is not claimed that the note evidences any real debt from Taylor to Bowen. In the case of *Chester* v. *Wheelwright*, the note given was to the creditor, and was evidence of real indebtedness to him. It was given in consideration of a larger indebtedness, and to secure the whole of that former indebtedness to that extent, and was not a mere pledge to secure so much of the entire debt. It is true, the mortgage in that case being merely for the amount of the note mentioned therein, the extent to which the land was pledged was limited to that amount, but to that extent it was security for the payment of the whole debt. The question there was, shall the payments made be credited *upon the note mentioned* in the mortgage?—and it was held they should not. Here the contention is, not that these payments must be credited upon the note mentioned in the mortgage, but that such payments, being applied as credits upon any part of the $17,000 debt, have paid more than $10,000 of that debt, and thus they have discharged the note and mortgage from the lien of the bank; and the note and mortgage being so discharged from the bank lien, the same are of no force in the hands of Bowen, for Taylor owed Bowen nothing. The giving of the note and mortgage to Bowen was a mere form by which to put the land in pledge, to assure to the bank that ten-seventeenths of the whole debt should be paid. That having been done, the land is released.

The judgment of the Appellate Court is therefore reversed, and the cause remanded, with directions to affirm the decree of the Superior Court of Cook county.

*Judgment reversed.*

CRAIG, Ch. J., and WALKER and SHELDON, JJ., dissent.