## Charles O. Boynton v. Abby W. Spafford, Administratrix, etc.

1. LIMITATIONS—*Joint Debtors.*—One joint debtor can not, by a partial payment, made without knowledge, assent or subsequent ratification by the other, bind the latter so as to authorize the inference of a new promise on his part and avoid the effect of the statute of limitations.

2. APPLICATION OF PAYMENTS—*Proceeds of Chattel Mortgage Foreclosure.*—The proceeds of the sale of mortgaged property must be applied in payment of the mortgage debt, in the absence of any agreement to the contrary with the mortgagor. A creditor has no option to apply such proceeds to another debt, as he has in the case of voluntary or general payments.

**Claim in Probate.**—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

FROST & McEVOY, attorneys for appellant.

A. D. EARLY, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.
This was a claim filed against the appellee, administratrix

of the estate of Charles H. Spafford, deceased, based on two promissory notes, one dated December 1, 1880, for $1,300, due in one year, signed by deceased and George J. Dettmer, payable to appellant, the other signed by the same parties, dated January 16, 1882, due in fifteen months, for $1,350 each, drawing interest at the rate of eight per cent per annum. The first had these memoranda on it: "Extended to June 24th, 1891, secured by C. Mortg. to be paid by Geo. Dettmer. $595 due on this note, bal. paid December 13, '81, paid by C. O. Boynton, money left by G. O. Dettmer. Int. paid to Jan. 16, 1884, and ex. 15 mo. Int. paid to Jan. '85, by note of G. J. & A. H. Dettmer, Jan. 6, '85. Int. paid to Jan. 16, '88, by Stark, ch. Jan. 6, '88." On the second note the following indorsements were found: "Int. paid to Jan. 16, '84, and ex. 15 months. Int. paid to Jan. 16, '85, by note of G. J. & A. H. Dettmer, Jan. 6th, '85. Int. paid to Jan. 16, '88, by Stark, ch. Jan. 6th, 88, extended to Jan. 24, '91, secured by C. Mortg." It appears that the statute of limitations had run against the first note signed by the deceased, unless revived by Dettmer in extending the time and paying on it.

It is held in Kollingbach v. Dickenson, 100 Ill. 427, that a partial payment by one joint debtor will not, without the knowledge or assent or subsequent ratification by the other, operate to bind the latter, so as to authorize the inference of a new promise on his part, and therefore will not affect the statute of limitations as to him. We see no evidence in this case to overcome the finding of the court that the deceased ever acknowledged or assented to the subsequent ratification by Dettmer. We think there was no error in holding that the statute of limitations had run against the first named note as to the deceased.

The court allowed the claim against the appellee in the court below for $966.65, and gave the cost against the claimant. On the 24th day of June, 1889, George Dettmer, one of the joint makers of the note, executed to C. O. Boynton, the payee, a chattel mortgage on a large number of cattle, some horses and a span of mules and colts, and all the

increase, securing the two above named notes and another note by himself and another. The chattel mortgage was duly recorded on the 27th of June, 1889. Dettmer sold two lots of cattle from this mortgage, one amounting to $451.70, and the other $747.44; of the proceeds, $300 was paid to the appellant, and the balance Boynton permitted Dettmer to keep. In March, 1890, executions were sued out against Dettmer, and placed in the hands of the sheriff. When the sheriff came to the place of the appellant, before levy was made, he notified the sheriff of the mortgage, and pointed out to him the property described in it and separated the stock. The sheriff levied upon the property nevertheless. Appellant afterward replevied the mortgaged property from the sheriff, and sold the same on foreclosure of the mortgage on the 11th day of April, 1890, and received thereon the net amount of $2,000, which he still retains. The replevin suit was heard by Judge Kellum in 1891, taken under advisement, and is still undetermined. No application was made by the appellant of the $2,000 on any particular note. Charles H. Spafford died on the 19th day of September, 1892. Appellee insists that Spafford stood in relation to the notes as surety, but we see no sufficient evidence in the record to justify such an assumption. It is a disputed fact whether $300, received by the appellant from Dettmer, proceeds of the sale of the mortgaged property, was ordered by Dettmer to be paid on another note, not signed by the deceased and not included in the mortgage. We are not disposed to disturb the finding of the court in that particular, and its application of the $300 payment. It is conceded by both parties that the proceeds derived from the sale of the mortgaged property must be applied in the payment of the mortgaged debt, in the absence of any agreement to the contrary with the mortgagor; that a creditor has no option in such case to apply the proceeds to any other debt, as he has in voluntary and general payment. Friedly v. Bowen et al., 103 Ill. 633. The Circuit Court rendered a judgment for $966.65, applying sufficient of the $2,000 upon the note of $1,300, as of April 11, 1890, to cancel the balance due on

it, and applied the balance, together with the payment of $300, as of February 10, 1890, ratably upon the note of $1,350 and $1,162.80 secured by the mortgage, treating the total notes as amounting to $3,000.

This, we understand, was done on the principle that the proceeds of the chattel mortgaged property should be applied ratably on all the notes secured by it; and as to the $1,300 note, barred as to Boynton, but good as to Dettmer, it also had to be paid, being secured by Dettmer's mortgage. The appellant raises the point, and insists upon it, that as to the $2,000 realized from the stock replevied by him from the sheriff, it should be considered as in the hands of the law, and this is one of the main points in the case, relied on by appellant. It is insisted that it ought not to be applied in the payment of the Dettmer and Spafford notes, because appellant may have it to pay to satisfy his replevin bond in case his suit goes against him.

We are inclined to hold with the circuit judge on that point. There is no evidence in this record, tending in the least to impeach the title of the appellant as mortgagee to property replevied under his chattel mortgage; and as appellant has received the money derived from the sale of the mortgaged property, and applied it to his own use, we see no reason why he should not give credit for it on the notes, secured by the mortgage. The deceased nor Dettmer, are in any way responsible for the delay in the decision of the replevin suit, and in fact they have no right to interfere in it or hasten its decision or the action of the court, and are not responsible for the pendency of the suit. By indefinite delay, they may never be able to get credit for the proceeds of the mortgaged property. We think the decision of the court below was correct, therefore the judgment of the Circuit Court is affirmed.