CHARLES O. BOYNTON

*v.*

ABBY W. SPAFFORD, Admx.

162    113
103a ¹391

*Filed at Ottawa June 13, 1896.*

1. LIMITATIONS—*effect of payment or extension by one of two joint debtors.* Payment by one joint debtor, or extension of time of payment procured by him, without the knowledge, assent or subsequent ratification of his co-debtor, will not avoid the running of the Statute of Limitations.

2. MORTGAGES—*of chattels—when mortgagee must be charged with proceeds of property.* A mortgagee of chattels, who replevies them from a sheriff seizing them on execution and sells them under the power in his mortgage, must be charged with the proceeds received from such sale, in a proceeding to prove up the mortgage debt against the estate of the deceased joint debtor of the mortgagor, although the replevin suit is yet pending and undecided, the money received not being, in that case, in the custody of the law.

*Boynton* v. *Spafford,* 61 Ill. App. 384, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JOHN D. CRABTREE, Judge, presiding.

This was a claim presented in the county court of Winnebago county by Charles O. Boynton, against the estate of Charles H. Spafford, deceased. The claim was predicated on two promissory notes, as follows:

162—8

"$1300.                                SYCAMORE, ILL., *Dec. 11, 1880.*

"One year after date, for value received, we promise to pay Charles O. Boynton or order thirteen hundred dollars, with interest at eight per cent until paid.

    (Power of attorney, etc.)

                        GEO. J. DETTMER,
                        C. H. SPAFFORD."

And the endorsements thereon are in the following words and figures: "Extended to Jun. 24, '91; secured by C. Mortg. To be paid by Geo. Dettmer. $595 due on this note, bal. paid Dec. 13, '81, paid by C. O. Boynton, money left by Geo. Dettmer. Int. paid to Jan'y 16, '84, and ex. 15 mo. Int. paid to Jan. 16, '85, by note of G. J. & A. H. Dettmer, Jan. 6, '85. Int. paid to Jan. 16, '88, by Stark Ck. Jan. 6, '88."

"$1350.                                SYCAMORE, ILL., *Jan. 16, 1882.*

"Fifteen months after date, for value received, I promise to pay Eliza M. Hart or order the sum of thirteen hundred and fifty dollars, with interest at eight per cent per annum. Int. payable annually.

    (Power of attorney, etc.)

                        GEO. J. DETTMER,
                        C. H. SPAFFORD."

And the endorsements thereon are in the following words and figures: "Int. paid to Jan. 16, '84, and ex. 15 months. Int. paid to Jan. 16, '85, by note of G. J. & A. H. Dettmer, Jan. 6, '85. Int. paid to Jan. 16, '88, by Stark Ck. Jan. 6, '88. Extended to Jun. 24, '91. Secured by C. Mortg."

The county court, upon hearing the evidence of the respective parties, refused to allow the claim, and Charles O. Boynton appealed to the circuit court, where a trial was had without a jury, and the court found in favor of the claimant as to a portion of the claim, and entered a judgment in his favor for the sum of $966.65. To reverse this judgment Boynton appealed to the Appellate Court, where the judgment was affirmed.

FROST & McEVOY, for appellant.

A. D. EARLY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

As this court does not pass upon questions of fact on an appeal of this character, the only question presented for our consideration is whether the court erred in holding or refusing propositions of law.

At the request of the defendant the court held that the note dated December 11, 1880, for $1300, due in one year, was barred by the Statute of Limitations at the time it was filed, June 14, 1893, in the county court, against the estate of Charles H. Spafford, deceased. It was conceded on the trial that the claimant, Charles O. Boynton, was the owner and holder of both of said notes, and also that all payments of interest appearing on the back of said notes, as well as of any payments of principal thereon, were made by George J. Dettmer, and that the endorsements were all in the handwriting of Boynton. The note for $1300, by its terms, became due on December 11, 1881, and under the Statute of Limitations it would be barred on the 11th day of December, 1891, upon the expiration of ten years from the time it was due, unless revived by payments or an extension of the time of payment by the makers. No payments were made by Spafford nor was the time of payment extended by him, as was found by the Appellate Court. Under this finding of fact the note was barred by the statute, so far as Spafford was concerned, unless the payments made by the other joint maker, Dettmer, or the extension of payment procured by him, kept the note alive.

We understand the law to be settled that a payment by one joint debtor or an extension procured by him, without the knowledge or assent or subsequent ratification by the other, will not operate to bind such other joint debtor. This is the doctrine of *Kallenbach* v. *Dickinson*, 100 Ill. 427, and we think it is well sustained by authority. Under the rule announced in the case cited the court did not err in the proposition complained of.

It appears from the record that on or about the 24th day of June, 1889, George J. Dettmer, one of the makers of the notes, executed to Boynton a chattel mortgage on certain personal property to secure the two notes in controversy and to secure another note which he had executed with other parties. The chattel mortgage was acknowledged and recorded as required by law. Dettmer sold a part of the mortgaged property and paid a portion of the proceeds to Boynton and retained a portion himself. In March, 1890, certain judgments were obtained against Dettmer, upon which executions were issued and placed in the hands of the sheriff. The sheriff, although notified of the mortgage, levied on the mortgaged property. After the levy Boynton replevied the mortgaged property and sold the same, receiving $2000 as the proceeds of the sale. On the trial the court held that the money so received should be applied on the three notes described in the mortgage, and this ruling is relied upon as error. The action of replevin has been tried but no judgment has ever been rendered in the case, and upon the ground that the title to the mortgaged property has never been settled by a judicial decision appellant claims that he should not be required to account for the property sold under the mortgage. No evidence of any character was introduced tending to impeach the validity of the mortgage, and so far as appears from the record before us it was a valid instrument, and as Boynton has sold the mortgaged property and received the proceeds, no reason is perceived why he should not apply the money on the mortgage indebtedness.

But it is said the money derived from the sale of the mortgaged property is in the custody of the law, and that it should not be applied as a payment on the mortgage until ordered by the court before whom the action of replevin is pending. If the property had been sold under the order and direction of the court, and the money derived from the sale had been paid into court or held by

appellant under the order of the court, subject to such future order as the court might make, there might be much force in the position of appellant. But such was not the case. When the property was levied upon appellant took it as mortgagee and sold it under the mortgage, disregarding the action pending involving the title. Under such circumstances we perceive no reason why he should not apply the money on the mortgage indebtedness.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part in the decision of this case.