Granville v. Young.

---

## P. N. Granville v. N. S. Young.

| 85 167 |
| e103 ²392 |

1. LIMITATIONS—*Payments by One Joint Debtor.*—One joint debtor can not, by a partial payment made without knowledge, assent, or subsequent ratification of the other, bind him so as to authorize the inference of a new promise on the part of the latter and avoid the effect of the statute of limitations.

2. SAME—*Payments by One Joint Debtor with the Acquiescence of the Other.*—When payments are made from time to time by one joint debtor with the knowledge, consent or ratification of the other, the running of the statute is arrested as to both the joint-debtors.

Assumpsit, on a promissory note. Appeal from the County Court of Knox County; the Hon. PHILIP S. POST, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

CARNEY, SHUMWAY & RICE, attorneys for appellant.

COOKE & STEVENS, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit, commenced December 1, 1898, by appellee against appellant, to recover the amount claimed to be due upon a promissory note, dated January 1, 1885, for the sum of $400, payable two years after date to the order of appellee, signed by Axel Gabrielson, Alex. Hoffland and appellant, and bearing eight per cent interest. There was a declaration in the usual form, to which the defendant pleaded the general issue, statute of limitations, and also release of surety by extension of time. Issues were joined, and upon a trial by jury the plaintiff had a verdict for $458.66. A motion for new trial was overruled and judgment entered on the verdict. The defendant prosecutes this appeal.

Although the record does not show the fact, it is stated in argument and not denied, that this was a second trial of the cause and that a former jury returned a similar verdict in favor of appellee.

The note became due January 1, 1887, and as the suit was not begun until more than ten years thereafter, unless a new promise, or facts equivalent thereto have been proven, the statute of limitations would have barred the action.

It appears from the evidence, that payments were made and indorsed upon the note early every year after its execution and delivery. These payments were made by Gabrielson, who was the principal, appellant being merely a surety. In Boynton v. Spafford, Adm'x, 61 Ill. App. 384, we held that one joint debtor can not, by a partial payment made without knowledge, assent, or subsequent ratification of

Granville v. Young.

the other, bind the latter so as to authorize the inference of a new promise on his part and avoid the effect of the statute of limitations. But we are of the opinion that when payments are made from time to time by one joint debtor, with the knowledge, consent and ratification of the other, the running of the statute is arrested as to both the joint debtors. The facts in this case seem to be as follows:

Payments of interest were made from year to year by Gabrielson, the principal. Appellee testifies that he had three conversations with appellant concerning these payments which were indorsed in writing upon the note. One in 1894, one in 1895 and the third after the ten years had expired. The one in 1894 is the most important of the three. Appellee swears that in that conversation appellant asked him if Axel (Gabrielson) kept up the interest on the note. Appellee answered that he did, and appellant replied that "that was all right so long as the interest was paid." This was some seven years after the note was due, of which fact appellant had full knowledge. It is true appellant denies this conversation or any conversation in 1894 concerning the note, but the jury saw the witnesses and heard them testify, and it was for them to say where the truth lay, and to give credence as they deemed the parties entitled to it. In such a state of the evidence we do not feel authorized to disturb the finding of the jury, especially when two juries have found the same way upon the same evidence. We must therefore assume that appellant did use the words sworn to by appellee when speaking of the note in 1894. Was this language a ratification on the part of appellant? Did he mean merely that he was satisfied or pleased that the interest was kept paid on the note by the principal, or did he mean that he was content to let the note run so long as the interest was paid? We think the latter is the only reasonable construction to be placed upon the language used, and certainly the only one which would be fair and just to appellee. As to the latter it could only be "all right" by the payment being regarded as binding upon the surety to keep the note alive. Appellant can only be under-

stood as intending to assure appellee that the note was good and binding upon appellant so long as the interest was paid. If appellant intended anything other than this, then his purpose was to mislead appellee to his injury; to lull him into security until the statute of limitations had become a bar to any action on the note. This we think was not his intention, and we hold there was such a ratification of the payments as prevented the bar of the statute in favor of appellant.

We have been referred to the case of Littlefield v. Littlefield, 91 N. Y. 203, as sustaining a contrary view; but the facts of that case are materially different from those in the case at bar, and we do not regard it as of controlling force in the decision of this case. In the case of Lash v. Bozarth, 78 Ill. App. 196, also referred to by counsel for appellant, the question of ratification was not involved.

We think the court committed no error in the instructions, and we do not deem it necessary to discuss the objections made thereto. Finding no error in the record the judgment will be affirmed. Judgment affirmed.