## James McDonald v. John Weidmer.

1.   STATUTE OF LIMITATIONS—*Payments by Joint Maker Without Co-Maker's Knowledge.*—Payment by one joint maker of a note does not bar the running of the statute as to his co-maker, when made without the knowledge, consent or subsequent ratification of the other.

2.   SAME—*When Payment by Joint Maker Bars Running of the Statute as Against His Co-Maker.*—When payments are made from time to time by one joint debtor, with the knowledge, consent or subsequent ratification of the other, the running of the statute is arrested as to both joint debtors.

Assumpsit, on a promissory note.   Appeal from the Circuit Court of Madison County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1902.   Affirmed.   Opinion filed September 11, 1902.

JOHN G. IRWIN, attorney for appellant.

Partial payment by one joint debtor, without the knowledge or subsequent ratification of others, will not arrest the running of the statute as to them.   Kallenbach v. Dickinson, 100 Ill. 427; Boynton v. Spafford, 162 Ill. 115; Waughop v. Bartlett, 165 Ill. 125.

A payment by one of several joint debtors, before the statute has completed a bar, will not prevent the completion of the bar as to the others, at the expiration of the time within which the statute required suit to be brought on the original evidence of the debt, relied on to sustain the action.   Kallenbach v. Dickinson, 100 Ill. 443.

Where the joint maker of a note has unquestioned authority from his co-maker to make payments, his acts bind those whom he represents, to the extent of creating a new promise, and bringing an indebtedness otherwise barred from out the statute.   Waughop v. Bartlett, 165 Ill. 125.

Ratification implied only when based on full knowledge of all facts and rights material to the conduct of the party thus bound.   Proctor v. Tows, 115 Ill. 148; Internat. Bank v. Ferris, 118 Ill. 467.

TRAVOUS, WARNOCK & BURROUGHS, attorneys for appellee.

McDonald v. Weidmer.

Mr. Justice Worthington delivered the opinion of the court.

Suit on a note for $300 at eight per cent interest, given for borrowed money, dated November 27, 1886, and due twelve months after date. The note was signed on the face by William Ray and by appellant, they being joint makers, but appellant being in fact a surety for Ray.

Jury waived, trial by court and judgment for plaintiff, from which defendant appealed.

Three payments are indorsed on the note, all of which were made by Ray. They are as follows: Interest $24, November 27, 1887; interest $50, November 27, 1889, and $100, August 5, 1893.

Suit was commenced September 20, 1901. The defense urged is the statute of limitations.

Appellant insists that payments by Ray, a joint maker, without his knowledge, consent or ratification, did not arrest the running of the statute as to him, and that he is therefore released. Citing Kallenbach v. Dickinson, 100 Ill. 427; Boynton v. Spafford, 162 Ill. 115; Waughop v. Bartlett, 165 Ill. 124.

Appellee concedes that this is the law, but urges that the payments made were with the consent, knowledge or subsequent ratification of appellant.

Appellant and appellee were the only witnesses, and their evidence is conflicting. The trial judge having seen and heard both witnesses, we assume that where there was a conflict in evidence upon pivotal facts, that he gave credence to the testimony of appellee, and that his conclusion as to the facts is correct. The only question then remaining is, does the testimony of appellee show knowledge, consent or subsequent ratification by appellant, of the payments or any of them, made by Ray.

The case of Kallenbach v. Dickinson, *supra*, is the leading case in this state holding that payment by one joint maker of a note does not bar the running of the statute as to his co-maker. For this reason it is important to note the general statement of the law as made in that case

which precedes the lengthy and exhaustive opinion. It is as follows :

"Dickinson interposed the defense, by proper plea, that the cause of action did not accrue within sixteen years. The plaintiff replied that payments were made within sixteen years, and upon the issue thus formed the Circuit Court, upon trial, gave judgment for the defendant, Dickinson.

Dickinson was in fact but a surety on the note, Wenzel being its maker and the principal debtor. Wenzel made several payments upon the note within the sixteen years, but these were neither expressly authorized by Dickinson before being made, nor ratified nor assented to by him afterward. The question is, do the payments thus made afford sufficient evidence of a subsequent promise by Dickinson to remove the bar of the statute of limitations as to him."

It will be observed in the above quotation, that it is said, "but these (payments) were neither expressly authorized by Dickinson before they were made, nor ratified, nor assented to by him afterward." From this we infer that if these payments had been afterward "ratified or assented to," by the co-maker, that the running of the statute would have been arrested.

In Granville v. Young, 85 Ill. App. 167, the court say :

"We are of the opinion that when payments are made from time to time by one joint debtor, with the knowledge, consent or subsequent ratification of the other, the running of the statute is arrested as to both joint debtors."

In the case just cited, one of the joint debtors, who was a surety on the note, asked the payee if his co-debtor "kept up the interest on the note." The payee answered that he did, to which the reply was, "that was all right so long as the interest was paid." This was said seven years after the note was due, of which fact the payee had knowledge. The court say :

"Was this language a ratification on the part of appellant ? Did he mean merely that he was satisfied or pleased that the interest was kept paid by the principal, or did he mean that he was content to let the note run so long as the interest was paid ? We think the latter is the only reason-

McDonald v. Weidmer.

able construction to be placed upon the language used, and certainly the only one which would be fair and just to appellee."

In the case at bar, appellee testifies that he told appellant of the payment of $100, made by Ray in 1893, about a year after it was made; this would be six years after the note was due; and that appellant replied he "was glad of it and hoped he would get all of it out of him." Such language is not the expression of dissent or disapprobation, but is the language of approval and satisfaction. From it appellee would have been fully warranted in receiving subsequent payments from appellant, as authorized and desired by him.

Two of the conditions that arrest the running of the statute in favor of one joint maker, when a payment is made by his co-maker, as cited *supra* from Kallenbach v. Dickinson, are, "nor ratified nor assented to by him afterward." If this payment of $100 was then either ratified or assented to afterward by appellant, the running of the statute was arrested as to him in 1893.

Appellee further testifies to language used by appellant in 1897, and again in 1899, which shows that appellant then considered that he would have the note to pay if not paid by Ray.

It is also in evidence that four new notes were made in 1898, three covering the principal and one the interest, and that appellant went to see Ray about signing them. Before appellant went to see Ray, appellee testifies, " We had a conversation in which he (McDonald) said he was going to sign them and get them so he could go in on the crop on him (Ray)." When taken to Ray, it appears that the time of payment was so changed by Ray, that they were not acceptable to either appellant or appellee, and were returned to appellant. In his testimony he denies that he was to sign these new notes, but in his letter in evidence, Exhibit E, he writes, "I return these notes to Ray which I was to give you, if everything went as he should of had it."

Considering the statement of appellant with reference to

the hundred dollar payment in connection with his sub-
sequent statements and actions, we think the court was
justified in holding that appellant assented to, and ratified
the hundred dollar payment previously made. He was
glad that it had been made and hoped that appellee
" would get all of it out of him."

Both appellant and appellee are presumed to have known
the law, and therefore to have known the legal effect of
the assent to the payment, and to have acted accordingly.

Appellee does not rely upon the subsequent statements
of appellant as promises to pay, made after ten years from
the maturity of the note. The evidence introduced upon
this feature of the case, and objected to by appellant, was
limited to the purpose of tending to prove a ratification by
appellant of the payments made by Ray.

Upon this theory its probative force may be slight, but
it was competent if it tended, although but slightly, to
prove that appellee did ratify or assent to the payment.

The judgment of the Circuit Court is affirmed.