## Catherine Adams v. James J. Douglas, Administrator.

1. STATUTE OF LIMITATIONS—*running of, arrested by payments of joint debtor.* Payments made by one joint debtor with the knowledge, consent and ratification of the other, arrest the running of the statute as to both joint debtors.

Contested claim in court of probate. Appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

RALPH E. SPRIGG, for appellant.

A. G. GORDON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the
court.

On January 26, 1883, William Ruppert and James
P. Adams executed their joint note of that date, for
the sum of $150, payable to Catherine Adams, two
years after date with interest at the rate of eight per
cent. per annum from date. Certain payments were
afterwards from time to time made by Ruppert, and
the same were indorsed on the note by Miss Adams as
follows: "Interest paid for one year." "Due Janu-
ary 26, 1890, $120.00." "This note paid up to $95.80
July 26, 1890." "Paid Nov. 6th, 1896, $6.00." "Paid
May 12th, 1897, $5.00."

Subsequently James P. Adams died, and afterwards,
on May 10, 1904, the note was filed as a claim against
his estate, the affidavit of Miss Adams filed therewith
stating that there was "due on said note $95.80 with
interest from July 26, 1890, less the credits above men-
tioned of $6.00 and $5.00 made thereafter." The
County Court refused to allow the claim, and on appeal
to the Circuit Court there was a trial without a jury,
a finding in favor of appellee and a judgment against
appellant for costs.

The payments made by Ruppert upon the note were
sufficient to keep it alive as against him, although more
than ten years had elapsed since its maturity; but it is
claimed by appellee that notwithstanding such pay-
ments, the Statute of Limitations can be invoked as a
bar to a recovery upon this claim against the estate of
James P. Adams under the facts shown by the evi-
dence, and the question so raised is the only one sub-
mitted by the record for the determination of this
court.

Appellant offered in support of her case on the trial
in the Circuit Court the note in question and the testi-
mony of a witness, L. Adams, a brother of appellant,
and the said James P. Adams, deceased. He testified

that he knew of appellant getting Ruppert to do some
work for her which was to be credited on the note in
1896; that James P. Adams was at witness' house a
few days after the work was done and at that time ap-
pellant told James P. that Ruppert had done the work
and that she was crediting the work on the note; that
James P. told her he wanted her to get all she could
out of Ruppert, he said he would have to pay the bal-
ance; "to get all she could in work or anything to pay
·the balance; as near as I can remember he told her to
get all she could out of Ruppert, either work or money
or anything.  He said he would have to pay the note."
Witness also testified that in May, 1897, as he was tak-
ing his sister to the train, James P. came to the wagon
in which they were and paid her $10 on a note he owed
her, at the same time asking her if she had gotten any
money out of Ruppert on his note, and that she told
him she had gotten $5 from him just a few days before.
He told her Ruppert ought to have given her more
money on the note, to collect all she could from him.

In the case of Granville v. Young, 85 Ill. App. 167, it
is said by the court:  "We are of opinion that when
payments are made from time to time by one joint
debtor, with the knowledge, consent and ratification of
the other, the running of the statute is arrested as to
both the joint debtors."  The doctrine above laid down
is approved and adopted by this court in the case of
McDonald v. Weidmer, 103 Ill App. 390, where the ques-
tion of the ratification of payments made by a joint
maker of a note was under consideration and cases
bearing upon the question discussed.  In the case last
named appellant, when informed by the holder of the
note, that the joint maker of a note with him had made
a payment upon the same, replied he "was glad of it
and hoped he would get all of it out of him," and the
court says:  "Such language is not the expression of
dissent or disapprobation, but is the language of ap-
proval and satisfaction.  From it appellee would have

been fully warranted in receiving subsequent payments from appellant as authorized and desired by him.'' It was there held that appellant by the language used by him, as above set forth, assented to and ratified the payment previously made by his joint maker. The language used in this case by appellee when the payment was made by Ruppert upon the note in 1896, tended to show beyond question that James P. assented to the payment already made by Ruppert and fully authorized appellant to receive subsequent payments from him. On being told of the payment made in 1897, James P. said that Ruppert ought to have given appellant more money on the note; and again authorized her to collect all she could from Ruppert. These words expressed no dissent with what had been done and would have authorized her to receive still further payments from Ruppert, had they been offered by him. In any event, appellant was authorized by James P. to receive the payment made in 1897 by his express direction in 1896 to get all she could out of Ruppert, and we are of opinion that the language used by James P. soon after the payment was made in 1896 assented to and ratified the receipt of that payment by appellant.

In accordance with the views above expressed, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*