## Harry Joseph, Receiver, Appellant, v. Edward Carter, Appellee.

### Gen. No. 41,872.

Heard in the third division of this court for the first district at the October term, 1941.

Opinion filed May 27, 1942.

SABATH, PERLMAN, GOODMAN & REIN, of Chicago, for appellant; MORTON C. CHESLER, of Chicago, of counsel.

FRANK P. MIES, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court. .This is an action upon a promissory note executed by the defendant, Edward Carter and Eva Ruby Raulston Carter, his wife. The note was in the original amount of $1,250, dated December 14, 1928 and due January 14, 1929. An endorsement of payment of $85 on account of principal and $153.10 on account of interest appears on the reverse side of the note under date of January 26, 1931. The note contains the usual confession of judgment clause authorizing any attorney to appear on behalf of the makers, waive service of process and confess judgment in favor of the holder of the note. A statement of claim and cognovit requesting judgment was filed in the municipal court of Chicago on November 28, 1940 and judgment by confession entered on that date against the defendants for the sum of $2,191.82, consisting of the balance of principal, in the sum of $1,165, together with interest thereon in the sum of $846.82, $180 for attorneys' fees and costs of suit. On December 18, 1940, the defendant, Edward Carter, was served with execution and on December 24, 1940, he filed his petition to vacate the judgment as to him, which petition was allowed.

The facts appearing in this record are that Edward Carter and his wife, Eva Ruby Raulston Carter, made a 30-day loan at the Hyde Park-Kenwood National Bank of Chicago for the sum of $1,250 on December 14, 1928, and executed their promissory judgment note to evidence said loan. On January 26, 1931, an officer of the bank called the defendant in with reference to the default in making repayment of the loan. The defendant Carter told the bank's officer that he was not in a position to pay the note at that time, and that he needed further time within which to meet the obligation. The bank's officer advised Mr. Carter that there was a credit balance in the account of Mrs. Carter and that same could be applied on account of and in reduction of the note if that was agreeable to

Mr. Carter. Mr. Carter agreed to the application and made arrangements to make further payments on the note at the rate of $25 per month, commencing January 1, 1932. Thereafter, the Hyde Park-Kenwood National Bank of Chicago suspended its business, and the original plaintiff herein, George Crowley, was appointed receiver; upon defendant's failure to discharge the obligation, Crowley instituted this action on November 28, 1940. Upon Crowley's resignation, Harry Joseph, as receiver, was substituted as plaintiff in his stead.

The defendant Carter filed his petition to vacate the judgment as to him, upon the grounds that plaintiff's action was barred by the statute of limitations in that the suit was not brought within 10 years from maturity of the note, *i.e.* December 14, 1928. Carter alleged that he did not consent and had no knowledge of the payment made on January 26, 1931, and that the time within which suit could be instituted was not extended to 10 years from said January 26, 1931. The fact as to whether or not Carter visited the bank in January 1931, and consented to the application of the balance in his wife's account toward the reduction of the note is in dispute.

Defendant asserts his defense under the provisions of sec. 17, ch. 83 of the Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.276], which provides:

"Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay." From this provision it appears that where a payment is made upon a note either by the maker

thereof or by some one duly authorized by him, or if such payment is made with his knowledge and consent, that, in accordance with the language of the statute, the time within which an action may be brought on the note is extended for a period of 10 years beyond the time of such payment. Upon this theory, the case of *Metcalf v. Metcalf*, 219 Ill. App. 96, is cited, where the court stated:

"A partial payment on the debt, made by the party originally chargeable, and received thereon by the party who owns the notes which evidence the debt, implies a new promise by the debtor to pay the debt and this is equally true whether the payment is before or after the bar of the statute of limitations has become complete. *Kallenbach v. Dickinson*, 100 Ill. 427. But such new promise is governed by the statute of limitations in force when the new promise is made. *Drury v. Henderson*, 143 Ill. 315; *Walker v. Warner*, 179 Ill. 16; *Wellman v. Miner*, 179 Ill. 326." It is also well settled that where payments are made from time to time by one joint maker with the consent of the other, the statute of limitations is arrested as to both debtors, this rule being announced in *Edwards v. Harper*, 234 Ill. App. 296, where it is said:

"But if there is a payment of either principal or interest with the knowledge, assent or subsequent ratification of the surety or joint maker, the running of the statute is arrested as to both principal and interest." The following cases are to the same effect: *Granville v. Young*, 85 Ill. App. 167; *McDonald v. Weidmer*, 103 Ill. App. 390; *Adams v. Douglas*, 128 Ill. App. 319. It also seems to be the well-settled rule that a payment on a note to toll the statute of limitations need not be in writing but may be established by parol evidence. In *Wright v. Stinger*, 269 Ill. App. 224, the court said:

"While a new promise must be in writing to toll the running of the 10-year statute, a payment made upon a note is sufficient to toll the statute if established by

parol evidence. (*Ott v. Flinspach,* 143 Ill. App. 61; *Hennessey v. Walsh,* 142 Ill. App. 237; *Willett v. Max-well,* 169 Ill. 540; *Lowery v. Gear,* 32 Ill. 382.)''

Plaintiff contends that the evidence clearly demonstrates that the defendant authorized and had knowledge of such a payment as would toll the statute of limitations, and that the trial court erred in finding that the defendant did not authorize the application of the bank balance in reduction of the note.

The defendant—as we have heretofore suggested in this opinion—interposed the defense of the statute of limitations, and calls our attention to plaintiff's contention that the evidence discloses that the said defendant authorized the bank to apply the proceeds in the bank belonging to his wife as a partial payment upon said note, and that by reason of said authorization, and application by the bank, that the statute of limitations tolled against said defendant. Plaintiff also contends that by reason of the language contained on the face of the note, at the time that the debtors executed same, granting authority to the bank the right to apply proceeds in the bank as a payment, that the action of the bank in applying the proceeds of Eva Ruby Raulston Carter in the bank upon said note, caused the statute of limitations to toll against Edward R. Carter. Defendant in support of his position that this action is barred by the statute of limitations calls attention to the case of *Kallenbach v. Dickinson,* 100 Ill. 427, in which the court said:

''Dickinson was in fact but a surety on a note, Wenzel being its maker and the principal debtor. Wenzel made several payments upon the note within the sixteen years, but these were neither expressly authorized by Dickinson before being made, nor ratified, nor assented to by him afterwards. The question is, do the payments thus made afford sufficient evidence of a subsequent promise by Dickinson, to remove the bar of the Statute of Limitations as to him?'' In holding

that the statute of limitations did not toll as to Dickinson, the court in that case further said:

"In order that Dickinson shall be concluded by the payments of Wenzel, it must be determined that Wenzel was Dickinson's agent, not only for the purpose of liquidating the note by payment, but also for the purpose of doing what in legal estimation is necessary to make a new promise that will remove the bar of the statute." Upon this question there is the case of *Boynton v. Spafford*, 162 Ill. 113, which was a suit upon a promissory note signed by Dettmer and Spafford. Spafford interposed the statute of limitations, and there the court said:

"No payments were made by Spafford nor was the time of payment extended by him, as was found by the Appellate Court. Under this finding of fact the note was barred by the statute, so far as Spafford was concerned, unless the payments made by the other joint maker, Dettmer, or the extension of payment procured by him, kept the note alive. We understand the law to be settled that a payment by one joint debtor or an extension procured by him, without the knowledge or assent or subsequent ratification by the other, will not operate to bind such other joint debtor. This is the doctrine of *Kallenbach v. Dickinson*, 100 Ill. 427, and we think it is well sustained by authority." In a like case, *Waughop v. Bartlett*, 165 Ill. 124, the court said:

"Since the decision in the case of *Kallenbach v. Dickinson*, 100 Ill. 427, the law has been recognized as being that one joint maker of a note could not, by payment thereon, or any other act, stop the running of the Statute of Limitations against another joint maker unless it appeared that the party making the payment was the agent for that purpose." And finally, in the case of *Edwards v. Harper*, 234 Ill. App. 296, the defendant John Harper pleaded the statute of limitations, claiming that he was surety upon the note and that all payments made on the note were made by

James Harper, without his knowledge, consent, or acquiescence, and were not ratified by him. There the court said: "A partial payment on a promissory note by one of several makers will not prevent the running of the Statute of Limitations . . . But if there is a payment of either principal or interest with the knowledge, assent or subsequent ratification of the surety or joint maker, the running of the statute is arrested as to both principal and interest."

In the discussion of the question involved in this appeal, it is important that we consider the provision of the note which was executed by Mr. and Mrs. Carter. This provision is as follows:

"Said Bank or legal holder hereof is hereby authorized and empowered at any time to apply the payment of any liability or liabilities, whether the same be due or not, of the undersigned, to said Bank, or to the legal holder hereof (including any liability or liabilities of any partnership created while the undersigned may have been or be a member thereof), whether the same be due or not, all property real and personal, of every kind and description, including balances, credits, collections, moneys, drafts, checks, notes, bills or accounts (whether on hand or in transit) of the undersigned." It appears from the facts before us that long prior to the expiration of the statute of limitation, the bank, pursuant to the foregoing authority extended to it by the defendant Carter and Mrs. Carter, applied a balance standing to the credit of Mrs. Carter. It is contended, therefore, that the time within which an action could be brought on the note was extended for a period of 10 years from the date of such application. The receiver of the bank calls our attention to the case of *Willett v. Maxwell,* 169 Ill. 540, where the court, in considering this question, used language which seems to carry with it a recognition that if the maker of an instrument authorizes the holder thereof to make application of credits, such application by the holder of the

credit will result in the tolling of the statute of limitations. The court there stated:

"Without stopping to consider whether or not it is meant by the statute that the payment as well as the new promise must be made in writing, it is apparent that the evidence of these payments was preserved in writing on the note itself by the endorsement of the one authorized to make it; and inasmuch as there was no dispute as to the payments, it is clear, we think, that the evidence of such payments was in writing. It is not, of course, meant to be said that the payee of a note may endorse payments thereon which were not made by any one authorized to make them, and thus avoid the Statute of Limitations." It appears from the provision in the note in the instant case that the bank was authorized to apply the payment of any liability, whether the same be due or not, of the makers of the note to said bank. The bank did apply what was due to Mrs. Carter in partial payment of the note. It would seem that this application was authorized at the time the note was executed and the loan received from the bank, and it seems reasonable that the endorsement that was made by the bank was sufficient to arrest the running of the statute of limitations, and followed the rule of other jurisdictions that where a depositor in a bank is indebted to it, the bank has the right to apply credits on the depositor's notes and the application is sufficient to arrest the running of the statute of limitations. Plaintiff cites a case entitled *Park Bank v. Schneidermeyer*, 62 Mo. App. 179, on this exact question, where the court, in holding that the action on the note was not barred, said:

"It is a well settled principle that, where a depositor in a bank is indebted to the bank by bill, note, or other indebtedness, the bank has the right to apply so much of the funds of the depositor to the payment of his matured indebtedness as may be necessary to satisfy the same. 2 Morse on Banks and Banking, sec.

559; Bolles on Banks and Dep., sec. 403; *Bank v. Newton,* 8 Bradwell (Ill.), 563; *Bank v. Hughes,* 17 Wend. 94; *March v. Bank,* 34 Barb. 228. In this state, it has been expressly decided that when a discount has been made by a bank and the note has matured, so as to create an indebtedness from the depositor to the bank, all funds of the depositor which the bank has at the date of the maturity of the discounted note, or which it afterward acquires in the course of business with him, may be applied to the discharge of his indebtedness to the bank. *Nuench v. Bank,* 11 Mo. App. 144; *Ehlerman v. Bank,* 14 Mo. App. 591; *Bank v. Carson,* 31 Mo. 191. The case under the law is not different than if the defendant, when he gave his notes to plaintiffs, had said to them: 'that any deposits I have with you, when my notes mature, or that I may thereafter have, I authorize you to apply to the payment of my notes, till they are discharged.' It may be assumed that if the defendant had expressly given the plaintiffs such direction, and in pursuance thereof they had made the application of the defendant's deposits to the payment of his note, he would not make the contention that he does. The defendant can no more be heard to claim the payment was an involuntary one, than if it had been made by an agent expressly authorized by him.'' When we come to consider the cases and authorities cited, we are of the opinion that the application of the balance on deposit with the bank was fully authorized, and that the bank was justified in making this application. While it is true that they asked Mr. Carter if it would be all right to make this application, and the evidence seems to indicate that he did consent, we believe that the provision in the note fully authorized the bank to make the application, and that Mr. Carter is not in a position to deny the agency of the bank to make the application which he and Mrs. Carter themselves created at the time they executed the note. It is apparent that the language of the note was a conditional

promise by the Carters to make the payment made on January 26, 1931 upon the condition that there were credits in the accounts of the defendants, or either of them. On January 26, 1931, there were credits in the account of Mrs. Carter; under the authority given the bank in the note itself, the application was made.

A further authority is called to our attention in the case of *Desha Bank & Trust Co. v. Quilling,* 118 Ark. 114, 176 S. W. 132, LRA 1915E, 794, where the court recognized the rule that where a bank applies credit standing in the name of its debtor on account of the note of the debtor, the statute of limitations is tolled, and said:

"The bank had the right to credit this deposit on the note, but this right to so credit the deposit did not toll the Statute of Limitations. It took the exercise of that right to accomplish that result. *Steeleman v. Atchley,* 98 Ark. 294, 135 S. W. 902." So, in the instant case, while the right to credit the deposit on the note did not toll the statute of limitation, the exercise of that right and actual application of the deposit in partial payment of the note did toll the statute. See also notation at page 795, *Lawyer's Reports Annotated,* 1915E, and *New York Fire Ins. Co. v. Tooker,* 4 N. J. L. J. 334. Under the facts and circumstances of the case before us, we are of the opinion that the statute of limitations was tolled, and that the court was in error in not entering judgment against defendant Edward Carter for the amount that was due on the note in question.

Furthermore, in an action on a note, the maker, asserting the statute of limitations as a defense, has the burden of proving that action was barred by limitation. From the evidence as we find it, the defendant Edward Carter did not establish by a preponderance of the evidence the defense offered by him. It appears from a case which was before this court, entitled *Weiland v. Weiland,* 297 Ill. App. 239, that the court said:

"Counsel argues that defendant's testimony as to interest payments is of no avail to plaintiffs, because both the original and amended complaints alleged that nothing was paid on principal or interest, and that no law is better settled than that proofs without allegations are just as unavailing as allegations without proofs. However, the statute of limitations was interposed as one of the defenses, and being an affirmative defense, it was incumbent upon defendant to maintain the same by competent evidence. Since her own testimony disproves the contention that the statute had run, she cannot very well complain thereof."

To the same effect is *Schell v. Weaver*, 225 Ill. 159, where the court said:

"But appellee was not required, in the first instance, to prove that his claim was not barred by the Statute of Limitation. That was an affirmative defense of appellant. By invoking the Statute of Limitations he assumed the burden of proving his defense. His position was in nowise different from what it would have been if the plea had been written and had been traversed by appellee. Some authorities may be found laying down a different rule, but the weight of authority and the better and more logical reason are to the effect that the Statute of Limitations is an affirmative defense, and the burden of proving it is on the party pleading it." It appears from the record that defendant Edward Carter visited the bank on January 26, 1931, and authorized the bank to apply the balance in the account of Mrs. Carter toward the payment of the note and that such application resulted in the making of a payment which tolled the statute. As has already been stated, defendant Edward Carter signed the note, thereby authorizing the bank to make the application. He is not, therefore, in a position to deny that such authority was given the bank. Under the terms of the note the statute of limitations was tolled by the application of the credit in the account of Mrs. Carter.

As indicated, we are of the opinion that the court erred in finding the issues against the plaintiff, in so far as defendant Edward Carter was concerned. The order vacating and setting aside the judgment as to the defendant Edward Carter is, therefore, reversed and the cause remanded, for the reasons stated in this opinion, with directions that the trial court, in accord with the opinion of the Supreme Court in the case entitled *Scott v. Freeport Motor Casualty Co.*, 379 Ill. 155, set aside the order vacating and setting aside the judgment as to the defendant Edward Carter and enter judgment against the defendant Edward Carter for $2,191.82.

*Order vacating and setting aside judgment as to defendant Edward Carter is reversed and cause remanded.*

BURKE, P. J., and KILEY, J., concur.