SUSAN C. DAY, Appellant, *vs.* ROYAL WRIGHT, Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. ATTORNEY AND CLIENT—*attorney has the burden of proving client's deed to him to be absolute and fair.* Where a deed from client to attorney is claimed by the client to have been in trust and by the attorney to be an absolute deed, the attorney has the burden of proving that the deed was absolute and the transaction fair.

2. SAME—*when conveyance by client to attorney is a fair transaction.* A conveyance of land by a client to her attorney in payment of the attorney's fees for services is a fair transaction, where the evidence shows that the attorney's charges were reasonable in view of the services performed, and that the property, at the time of the conveyance, was not worth more than the amount of such fees, although it subsequently increased in value.

3. APPEALS AND ERRORS—*chancellor's findings of fact will stand on appeal unless clearly wrong.* Where the evidence in a chancery case is conflicting and the chancellor has confirmed the finding of the master, the Supreme Court will not disturb the decree on the facts unless it is clearly against the weight of the evidence.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

H. T. ASPERN, and SAVAGE & WOODS, for appellant.

F. M. & H. I. GREEN, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by Susan C. Day, the appellant, against Royal Wright, the appellee, in the circuit court of Champaign county, to set aside a certain warranty deed bearing date February 12, 1903, whereby the appellant on that day conveyed certain premises situated in the city of Urbana, in said county, to said Royal Wright, and for an accounting. The appellee answered said bill and filed a cross-bill asking that the title to said premises be confirmed in him in fee simple. The appellant answered the cross-bill, and replications having been filed, the case was referred to the master in chancery to take the evidence and report his conclusions as to the law and the facts. The master filed a report, in which he found that said deed was an absolute conveyance of the fee of said premises to the appellee, and recommended that the original bill be dismissed and that the prayer of the cross-bill be granted, and the court, after overruling exceptions to said report, entered a decree in accordance with the recommendations of the master, and the appellant has brought the record to this court for review by appeal.

It appears from the pleadings, evidence and master's report that in the year 1898 the father of appellant conveyed to her his entire estate, which was of the value of something like $25,000; that in part it consisted of a mill property located in the city of Urbana; that shortly after said conveyance was made to the appellant by her father, she retained the appellee, who was a practicing lawyer at that time in

the city of Urbana, to represent her and to assist her in managing her business; that in the year 1900 the mill was destroyed by fire, and after some litigation with the companies that were carrying insurance on said mill a compromise was effected with said insurance companies whereby appellee collected from said companies the sum of $6021.88 for appellant, and under her direction the same was paid out by appellee to the creditors of appellant; that subsequently the father of appellant filed a bill against her to set aside the conveyance whereby he had conveyed his property to appellant, and thereafter a conservator was appointed for the father of the appellant, and such conservator filed a bill to set aside the conveyance by the appellant's father to her. The appellee represented the appellant in that litigation, and through his efforts both of said bills were dismissed and the title of appellant to the property which was conveyed to her by her father was confirmed in her. Thereafter the appellant became involved in litigation with a doctor by the name of Nichols, who resided in Urbana, who claimed that the appellant was his common law wife, and the appellee represented the appellant in that litigation, in connection with one Babcock, and through their efforts the appellant was successful and Nichols was defeated. Thereafter the appellant was indicted in the circuit court of Champaign county, and through the efforts of the appellee and Babcock the indictment was quashed and the appellant discharged. The appellant was without ready money, and being involved in litigation, in the month of February, 1903, she executed and delivered to the appellee two warranty deeds, one to the lots upon which the mill had formerly stood, which had a frontage of ninety feet upon Race street, in the city of Urbana, and will be referred to in this opinion as the mill property, and the other to all the real property which she owned other than the mill property.

It is conceded by both parties that the property other than the mill property was conveyed to the appellee in trust,

for the benefit of the appellant, and that property is not in controversy in this suit. As to the mill property, it is contended by the appellant that she conveyed that property to the appellee in trust, while it is contended by the appellee that the mill property was conveyed to him absolutely and in payment of his fees. The appellant concedes that the appellee has the right to hold the mill property as security for his fees, while the appellee contends he is the absolute owner of said property.

The evidence is conflicting as to what the understanding was between the appellant and the appellee at the time the mill property was conveyed to the appellee. The appellant and the appellee contradict each other upon every material point in the case, and each is corroborated more or less by other witnesses who testified, and by facts and circumstances proven before the master. The appellant contends, as the relation of attorney and client existed between the parties to said conveyance at the time it was made, the burden of proof is upon the appellee to show that the deed to the mill property from appellant to appellee was an absolute conveyance and that the transaction was a fair one between attorney and client, and we think such is the law. Conceding, however, that the burden of proof is upon the appellee, we think he has established satisfactorily that the conveyance to him of the mill property was an absolute conveyance and that the transaction was a fair one as between the appellee and his client, the appellant. The appellee had represented the appellant for a number of years. She had a great deal of litigation and was likely to have more at the time the deed was made. She had no money. The mill property was unproductive, and, according to the weight of the evidence, at the time the deed was made was not worth to exceed $4000, and that was the amount of the appellee's fees. Three reputable lawyers testified that his services were worth much more. Had there been no advance in the price of said mill property subsequent to said conveyance we do

not think anyone would have thought the transaction between the appellant and the appellee, whereby the appellant conveyed to the appellee said mill property in full satisfaction for the amount which she owed him for legal services, was not a fair transaction between appellant and appellee. The mill property, after the same was conveyed to appellee, soon advanced in price, and appellee sold thirty-three feet thereof the next year for something over $70 per front foot. Subsequent to that sale the appellant took the position that the mill property was not conveyed absolutely to the appellee and that she was the equitable owner thereof. The appellee thereupon, as he says, to avoid litigation with an old client, offered to convey the fifty-seven feet which he still held, to appellant, and to account to her for the proceeds of the thirty-three feet which he had sold, if she would pay him his fees of $4000. This she declined to do and claimed his fees were excessive, and commenced this suit.

We have gone through this record carefully, and are of the opinion that the evidence shows that the mill property was transferred to the appellee absolutely by the appellant in payment of his fees, and that the court did not err in dismissing appellant's bill and granting to appellee the relief prayed for in his cross-bill. Where the evidence is conflicting and the chancellor has confirmed the finding of the master, this court will not disturb the decree unless it is clearly and manifestly against the weight of the evidence. *Siegel* v. *Andrews & Co.* 181 Ill. 350; *Junction Mining Co.* v. *Springfield Junction Coal Co.* 222 id. 600; *Champion* v. *McCarthy,* 228 id. 87.

Finding no reversible error in this record the decree of the circuit court will be affirmed.                    *Decree affirmed.*