Frank J. Hennessey, Administrator, Appellee, v. Charles Walsh, Administrator, et al., Appellants.

Gen. No. 5,013.

1. CHANCERY—*when reference to master necessary.* In the absence of an agreement, reference to a master to state an account is essential to regular procedure in a foreclosure proceeding.

2. INTEREST—*at what rate should be allowed.* The court must allow interest at the rate provided for in a contract unless such rate is usurious.

3. STATUTE OF LIMITATIONS—*what tolls running of.* Payments made and indorsed upon a note operate to toll the running of the statute and to start the same afresh from the date of the last payment.

4. EVIDENCE—*effect of failing to produce.* A party who takes a paper pertaining to a transaction in issue from the files of a court without leaving a copy thereof and who fails to produce the same on notice, thereby furnishes strong presumptions that such paper, if produced, would be prejudicial to his defense.

Bill in equity. Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

Statement by the Court. On March 1, 1880, William Walsh and Catherine Walsh, his wife, executed a trust deed to Thomas P. Bonfield, on certain real estate in Iroquois county, Illinois, to secure the payment of $1,424, evidenced by four promissory notes executed by William Walsh, of even date with the trust deed, each of the notes being for the sum of $356, payable to the order of Lemuel Milk at Chebanse, Illinois, on October 1, 1880, 1881, 1882 and 1883 respectively, with interest thereon at seven per cent. per annum until due and at

the rate of eight per cent. per annum after due. The first of the notes was paid to Milk. The payee assigned the remaining three notes to Charles Gallagher, a bachelor brother of Catherine Walsh. Charles Gallagher died at the home of William Walsh in February, 1894, where he had made his home when out of work and in the winter time. William Gallagher by his will bequeathed the notes to Michael Gallagher, another bachelor brother. The probate records of Iroquois county show that these notes were delivered March 29, 1894, to Michael Gallagher by William Walsh, one of the executors of Charles Gallagher, who were the sons of William Walsh. William Walsh, the executor, at that time lived with his father. Michael Gallagher died intestate at the home of William Walsh, March 15, 1900. Frank J. Hennessey, the appellee, was appointed administrator of the estate of Michael Gallagher in July, 1900. The effects of Michael Gallagher were at the home of William Walsh at the date of his death and under the control of Walsh until September. Amongst the effects of Michael Gallagher were $139 in cash, a note for $175 executed by John Slater on which was a credit of $75, a note for $1,200 executed by Mrs. Milk, and his personal effects. William Walsh claimed the Slater note belonged to him and paid the funeral expenses out of the $139, retaining the balance. The three notes for $356 each could not be found. The appellee filed the bill in equity in this case October 28, 1903, to foreclose the trust deed securing the three notes dated March 1, 1880, making William Walsh, the maker, and various other parties defendants and with the bill filed an affidavit of the loss of the notes. William Walsh answered the bill, admitting the three notes had been turned over to Michael Gallagher by the executors of Charles Gallagher, but claiming that the notes had been paid to Charles Gallagher and Michael Gallagher in their lifetime by board and lodging furnished to the Gallagher brothers. The answer further alleges that the board, lodging and care bestowed on Charles

Gallagher and Michael Gallagher, while they lived with said Walsh, including the nursing of them during their last illness, was worth greatly in excess of said notes and interest thereon, so that said notes were fully paid, but states that no price was agreed on for board, etc., and that no money was ever paid to or demanded by either of said Gallaghers in their lifetime, nor any accounting had with reference to said board, etc., or said notes and interest, and that said Michael Gallagher told the said defendant that said notes were boarded out. The answer of Walsh states that the Slater note was given to said defendant in payment of board by Michael Gallagher. The answer also pleads and claims the benefit of the Statute of Limitations. William Walsh filed a cross-bill, making substantially the same allegations that are contained in the answer, and alleging that after the death of Michael Gallagher, William Walsh made a thorough search amongst the papers of Gallagher for the notes sought to be foreclosed, but no trace of them was found, and that cross-complainant believes Michael Gallagher destroyed them in his lifetime. The cross-bill alleges that the trust deed is a cloud on the title of cross-complainant to said lands and prays that said notes may be declared cancelled and the trustee be directed to release the trust deed.

An answer was filed to the cross-bill denying the material allegations, and answers to the original bill were filed by other defendants, and those that did not answer were defaulted. Replications were filed and the cause was referred to the master in chancery to take and report the evidence. The evidence for the complainant in the original bill was taken, and thereafter, before the defendants' evidence was taken, William Walsh died. The heirs and administrator of William Walsh were made parties and the pleadings amended to correspond with the change of parties. The master filed a report of evidence. The cause was then heard on the pleadings and the report of the evidence at the June term, 1904, before Judge Hilscher, who died before

deciding the cause. The cause was again heard by agreement of the parties before another judge without any statement of an account by the master. The court found that the allegations of the original bill were proved; that there was due on the three promissory notes the sum of said notes with interest from October 1, 1894, at the rate of eight per cent. per annum, and that the defendants were entitled to a credit on the notes of the sum of $12.50 for each and every month beginning with February 9, 1894, up to and including March 15, 1900, for board of Michael Gallagher during said time, and that said payment shall be considered as made and applied by said parties during their lifetime, respectively, and be credited on said notes, beginning October 1, 1894, and afterwards on the first day of each and every month in the manner and form of partial payments, and the remainder due on March 15, 1900, shall bear interest at eight per cent. per annum to the date of the decree, and that, after deducting the partial payments in said manner and calculating the interest, there is due from the estate of William Walsh, deceased, $740, and a solicitor's fee of $74, being ten per cent. on the money due, as provided in the trust deed. The court further found that the cross-bill was not sustained by the evidence. It was further adjudged that in default of payment of said sum and solicitor's fees within thirty days said premises described in said trust deed be sold, etc., and that the cross-bill be dismissed. The heirs and administrator of William Walsh, deceased, appeal from that decree.

GRANGER & GRANGER, for appellants.

SMALL & BROOK and C. B. CAMPBELL, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This cause should under the chancery practice in this state have been referred to the master to state the

account, but by agreement of both parties it was tried by the court without such a statement. No error is assigned upon the fact that the court undertook the trouble of stating the account nor is it questioned but what the manner of stating the account adopted by the court as set forth in the decree is the correct method, if the premises found by the court are correct. Any error in procedure in not having a statement of the account by the master is waived.

The only questions assigned for error are that the court should not have found that the principal of the notes was due and unpaid October 1, 1894; that the court should have found that the cause of action was barred by the Statute of Limitations; that the court should have allowed a credit for board at the rate of $20 per month instead of $12.50 and that the court erred in allowing interest at eight per cent. per annum after October 1, 1894.

The notes provided that they should bear interest at eight per cent. per annum after maturity. If the notes were not fully paid the court could not do otherwise than allow interest at the rate the parties had agreed upon.

After Michael Gallagher's death, William Walsh, William Lamb, a nephew of William Walsh and Frank J. Hennessey, in a bank in Chebanse, figured on the amount due from Walsh on these notes. Walsh gave Lamb and Hennessey the data to figure upon. At that time Walsh said the notes bore six per cent. interest and the board was calculated at $12.50. There was also proof that Gallagher paid $2.50 per week for board and sometimes $10 per month. While proof was made that it was worth $18 or $20 per month, the court was justified in fixing $12.50 as the proper credit to be allowed and there was no error in the court's action.

It is contended that the Statute of Limitations is a bar to the suit. The answer of William Walsh states that no money was ever asked for or paid on the notes,

but that they were boarded out. William Walsh, who was one of the executors of Charles Gallagher, deceased, and was also a son of the maker of the notes, and one of the defendants, testified that while he was such executor and living with his father in 1894, he was authorized to indorse the amount of the board bill of Charles Gallagher for the previous years on the note and did so indorse them, and that there were other indorsements on them at that time but that he could not tell the amounts or dates. He also stated that Charles Gallagher was up to the time of his death boarding at William Walsh's on these notes. If that be true, then William Walsh made a payment by board furnished Gallagher on these notes; that fact would prevent the running of the statute up to the date of the last board furnished. William Walsh, Jr., showed the notes to his father, who was interested as a legatee in Charles Gallagher's estate, when he was paying a sister of Charles Gallagher a bequest made in the will. William Walsh was cognizant of the indorsement, and failing to repudiate it, the effect of the payment and indorsement was to toll the statute. Willett v. Maxwell, 169 Ill. 540. In 1900, after the death of Michael Gallagher, in conversation with various parties, William Walsh acknowledged the notes to be unpaid. He even prepared and filed a verified claim of $900 for board against the estate of Michael Gallagher. This through his counsel he withdrew from the files of the Probate Court without leaving a copy. Notice was given him to produce this that it might be used in evidence in the case, but it was not produced. This is a very strong circumstance against the appellants. An account of that kind would keep alive the notes unless the statute had already run against them, and ten years had not intervened since credit had been given to Charles Gallagher on the notes by furnishing him board to be applied in payment on them. The allegations of the answer and cross-bill show that it was the agreement between the parties that the board should be applied as

a payment on the notes, and that there was almost every year some board furnished by William Walsh to the holder of the notes, and that indorsements for board were made, although the amount of the indorsements was not proven. The court was justified on the proven admissions of William Walsh and the agreed application of the board of the Gallaghers on the notes, in finding that the debt was a subsisting obligation and in decreeing a foreclosure. Where the evidence is conflicting this court will not disturb the decree unless it is clearly and manifestly against the weight of the evidence. Day v. Wright, 233 Ill. 218, and cases cited.

Some cross-errors have been assigned by the appellee but we do not find any merit in them. The decree is affirmed.

*Affirmed.*