## James T. Tartt, Trustee, Appellant, v. Thomas T. Ramey, Appellee.

1. INSTRUCTIONS—*approved form as to credibility of witnesses.* An instruction upon this subject as follows, approved.

"The court instructs the jury that if you believe from the evidence that any witness or witnesses who testified in this case have wilfully and knowingly testified falsely concerning a material matter in isssue in this case, then you have a right to disregard the entire testimony of such witness or witnesses in so far as you may believe it to be false."

2. CONTRACTS—*what does not excuse performance.* In the absence of a saving clause the performance of a contract is not excused by inevitable accident preventing performance.

3. SET-OFF—*when unliquidated damages may be considered by way of.* Items interposed by way of set-off even though they may be in fact unliquidated may be considered if they grow out of the contract which is the basis of the suit.

4. SET-OFF—*what items not unliquidated.* Items interposed by way of set-off if representing work and labor performed or employed are not to be regarded as unliquidated if there is any reasonable doubt as to whether they are connected with the contract which is the basis of the action.

Action in covenant. Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

GEERS & GEERS, for appellee.

· MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.·

On January 2, 1907, James T. Tartt, for himself and certain other parties, under the style of James T. Tartt, Trustee, leased to Thomas T. Ramey, a portion of what was called the Chenango Plantation in Brazoria county, Texas, for the term of one year. The leasing was by a written instrument which provided that Tartt should also furnish Ramey twenty work-mules to be used on said premises and the seed for certain crops to be planted thereon. Ramey on his part agreed to furnish feed for said mules, to take good care of them and keep them in good condition; to furnish farming tools and implements; to cut all grasses growing on the premises; to cultivate the cane on the premises in a proper manner; to keep all waterways and drains open and free from trash and weeds, to farm said premises in a good "husbandlike" manner and plant and harvest all crops in proper time; to take good care of all buildings and improvements and to pay as rent certain portions of the crops raised by him fully set forth in the lease.

Both Tartt and Ramey reside at Edwardsville, Illinois, and after the expiration of said lease, the former, as trustee, brought suit in convenant against the latter charging him with a failure to comply with the covenants of the lease. The bill of particulars filed by Tartt claimed damages amounting in the aggregate to $1,100.05, the principal items being, injuries to the said mules by not being taken care of as provided by the lease, $500; failure to harvest 80 acres of prairie meadow, $225, and failure to cultivate crops properly and take care of drains and ditches, $250.

Ramey pleaded compliance on his part with the provisions of the contract, except where he was excused or prevented from performing the same by Tartt and except also when he was prevented from performing the same by the condition of the weather and the action of

the elements. He also filed a plea of set-off with a bill of particulars, as follows:

"James T. Tartt, Trustee, Etc.,
In account with Thomas T. Ramey. Dr.

| | |
|---|---:|
| To 10 bushels of potatoes furnished by defendant to plaintiff for seed, at $1.00 per bushel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | 10.00 |
| To 50 bushels of potatoes kept by plaintiff for seed, at 75c per bushel . . . . . . . . . . . . . . . | 37.50 |
| To money advanced to Gabe Simon for and at the request of plaintiff . . . . . . . . . . . . . . . | 25.00 |
| To money had and received by the plaintiff to and for the use of defendant, being one-half the proceeds from the sale of 208 tons of cane, at $3.50 per ton (less $242.00 paid convicts for harvesting same . . . . . . | 122.00 |
| To labor, implements and material performed and furnished and provided in cultivating and superintending the cultivation of to-wit, 84 acres of corn on leased premises, for, and at request of, plaintiff . . . . | 300.00 |
| To labor and material performed and furnished and provided in and about whitewashing and repairing buildings, plantation cabins, etc., on leased premises, for and at request of plaintiff . . . . . | 50.00 |
| To pasturing and attending to 80 Angora goats on leased premises, for and at request of plaintiff, for 365 days at 1c each per day . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 219.00 |
| To pasturing and attending to 400 calves on leased premises, for, and at request of, plaintiff for 90 days at 2c each per day . . | 720.00 |
| To hire of farm machinery, implements and wagons let by defendant to plaintiff and by plaintiff accordingly had and used on portion of Chenango plantation not leased to defendant . . . . . . . . . . . . . . . . . . . . . . . | 50.00 |
| Total . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,533.50" | |

Upon the trial the jury found a verdict in favor of

Ramey upon his claim of set-off for $275.70, for which amount a judgment was rendered. Plaintiff below perfected an appeal and brings the record here for review.

He complains of the refusal of the trial court to give the following instruction offered by him:

"The court instructs the jury that if you believe from the evidence that any witness or witnesses who testified in this case have wilfully and knowingly testified falsely concerning a material matter in issue in this case, then you have a right to disregard the entire testimony of such witness or witnesses in so far as you may believe it to be false."

This instruction in language almost identical, was approved by this court in St. L. P. & N. Ry. Co. v. Rawley, 106 Ill. App. 550. It does not attempt to state the conditions under which the entire testimony of a witness may be disregarded, as is usual in instructions in regard to impeachment of witnesses, but says in effect that under the circumstances named the jury might disregard such portion of the testimony of a witness or witnesses as the jury believe to be false. Appellant had no other instruction covering the same matter and this one should have been given.

Appellant further insists that the court erred in giving appellee's seventh instruction which is as follows:

"The court instructs the jury that if you believe from the evidence that the defendant was prevented by the condition of the weather and the action of the elements from performing any of the provisions of said lease, then the plaintiff cannot recover from the defendant on account of his failure to perform such provisions as he was so prevented from performing, if any."

This instruction does not state a correct general principle of law and should not have been given.

In Summers v. Hibbard, 153 Ill. 102, it is said: "The general doctrine is that where parties by their own contract and positive undertaking create a duty or

charge upon themselves, they must abide by the contract and make the promise good, and either do the act or pay the damages. Inevitable accident affords them no relief, for they are regarded as insurers to the extent of making good the loss.''

In Bacon v. Cobb, 45 Ill. 47, where there was a failure to deliver corn according to contract, Mr. Chief Justice Breese says, ''The rule from the earliest times to the present is, when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract.'' To the same effect are the cases of Steele v. Buck, 61 Ill. 343; Schwartz v. Saunders, 46 *id.* 18, Dean v. Lowey, 50 Ill. App. 254, Kenwood Bridge Co. v. Dunderdale, *ib.* 581, Drake v. White, 117 Mass. 10, School Trustees v. Bennett, 3 Dutch (N. J.) 513. The same erroneous statement of the law was contained in instruction No. 2 given for appellee.

Appellant also contends that evidence in support of the items contained in appellee's statement of account filed under his plea of set-off, should not have been admitted, for the reason that the statement covers items of unliquidated damages not connected with the contract upon which suit is brought.

We are inclined to the belief that said items of set-off should properly be considered as growing out of and connected with the contract in question, with the exception of the ''money advanced to Gabe Simon,'' amounting to $25 and the item of $50 charged for hire of farm machinery, used on a portion of the plantation not leased to appellee. But are the items of the set-off unliquidated?

In the case of East v. Crow, 70 Ill. 91, East had rented farm premises to Crow. A dispute arose between them, a suit was brought by East, and each presented a long string of accounts against the other. The question whether the accounts of Crow were liqui-

dated or not arose and it was said by the court in the course of the opinion, ''The items in defendant's account, were not unliquidated damages arising out of a breach of contract, covenant or tort. They were for work, labor performed, board, goods sold and delivered, and money, etc. These items were a proper subject of set-off.''

It is clear that under the decision last referred to, all items of the set-off, concerning which there could be any reasonable question as to whether they were connected with the contract or not, must be held to be liquidated, and were proper items of set-off if established by the proof.

For the errors in the trial above discussed, however, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*