Mead v. Chicago & Northwestern Ry. Co., 189 Ill. App. 323.

F. P. BRADCHULIS and EDGAR A. JONAS, for appellant; EDWARD J. HESS, of counsel.

FOREST GARFIELD SMITH, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 24*—*right to recover under common counts.* Where, after a part of work agreed to be done under a special contract had been performed, there arose some difficulty out of plaintiff's relations with a labor union because of which plaintiff was not permitted by the owner of the building to continue with the work, the plaintiff may treat the contract as rescinded and declare on the common counts and recover the value of his labor and of materials furnished.

2. ASSUMPSIT, ACTION OF, § 71*—*when recovery cannot be based on contract price.* A recovery cannot be had under the common counts for the contract price of labor and materials, but only for the actual value of the work done and the materials furnished.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 57*—*when provisions in contract as to architect's certificate may be disregarded.* Where the plaintiff may treat a special contract to furnish labor and material on a building as rescinded because of the owner's refusal to permit him to continue with the work, a provision in the contract for payment upon the architect's furnishing a certificate should be disregarded.

---

### George H. Mead, trading as The George H. Mead Agency, Appellee, v. Chicago and Northwestern Railway Company, Appellant.

### Gen. No. 19,763.

1. PAYMENT, § 1*—*when contract becomes payable in money.* Where a railroad company orally contracted for advertising to be paid for in passenger transportation and thereafter a statute was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

enacted prohibiting the issuance of passenger tickets for such purpose, *held* that the railroad became liable to pay in money any balance due on the contract.

2. FRAUDS, STATUTE OF, § 25*—*when contract not within statute.* An oral contract is not within the statute of frauds for the reason that it is not to be performed within a year, where it might have been performed in a year by being terminated by either party, or it might be terminated within the year by the death of one of the parties.

3. FRAUDS, STATUTE OF, § 89*—*when party estopped to set up statute.* Where a contract has been fully performed by one party the other party is estopped to set up the statute of frauds.

4. LIMITATION OF ACTIONS, § 22*—*when balance due running account not barred.* Five-Year Statute of Limitations *held* not to have run against a balance due on a mutual running account, where no obligation was created in regard to each particular item but only for the balance, and a part payment had been made to apply on account within five years before suit brought.

5. ACTION, § 15*—*when demand unnecessary.* A demand for payment for services rendered under a contract, not necessary before suit where it would have been useless.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914. *Certiorari* denied by Supreme Court (making opinion final).

IRVING HERRIOTT and IRA C. BELDEN, for appellant; EDWARD M. HYZER and WILLIAM G. WHEELER, of counsel.

BULKLEY, GRAY & MORE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff conducted an advertising agency and contracted orally in 1901 with defendant, a railway corporation, to place, when requested by the defendant, its advertisements in papers and magazines, for which defendant agreed to pay plaintiff, at regular advertising rates, in passenger transportation on its lines, as plaintiff might request. This business arrange-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment was continued between them until December 31, 1906, at which time plaintiff claims there was a balance due him in money of $4,600.84. By suit plaintiff recovered judgment for this amount, from which defendant has appealed.

The case was tried on a stipulation of facts. The only questions presented are those of law. The occasion of the controversy was the passage by Congress of the so-called Hepburn Act, which became effective January 1, 1907, and which operated to prohibit defendant issuing passenger tickets for advertising. This terminated the contract, and of course made it illegal for defendant after that date to pay plaintiff, in transportation, any balance there might be due him for advertising placed before the Hepburn Act went into effect. The question therefore is, where the medium of payment for services is rendered impossible by a statutory enactment subsequent to the contract, is the debt cancelled or does it become payable in money?

In Parsons on Contracts, vol. 3, sec. 215, it is said:
"The true question is, whether it was intended that the promissor might elect to pay the money or deliver the articles; or in other words, whether it was agreed only that he owed so much money, and might pay it either in cash or goods, as he saw fit. There might be something in the form of the promise, in the *res gestae,* or in the circumstances of the case, which, by showing the intention of the parties, would decide the general question * * *. But if the promise be only to pay one thousand dollars at a certain time, in flour, then this sum is to be paid either in flour or in money, at the election of the payor."

The author cites in support of this proposition the case of *Brooks v. Hubbard,* 3 Conn. 58; and in that opinion it is said that the effect of such an agreement is "to give an option to the defendant to pay the debt in collateral articles, at a stipulated price."

The basic reason for holding such a contractual obli-

gation to be payable in money if it cannot be paid in the commodity agreed upon, is touched upon in the opinion in *Heywood v. Heywood,* 42 Me. 229, where it is said, in substance, that agreements for paying in anything else than money "are always presumed to be made in favor of the debtor;" and further, concerning the contract in question in that case, "the contract to pay a certain sum in specific articles, at an agreed price, being for the benefit of the debtor, he has the election to pay in that manner, or in cash." To the same effect are *Murray v. Gale,* 52 Barb. (N. Y.) 427; and *Rodes v. Bronson,* 34 N. Y. 649, where it is said that the established rule of law is "that a provision in a contract for the payment of an expressed sum, making such sum payable in a specific commodity, is for the benefit of the promissor." See also *Hitchcock v. Galveston,* 96 U. S. 341; Parsons on Contracts, vol. 2, sec. 657, says: "If one branch of the alternative becomes impossible, so that the promisor has no longer an election, this does not destroy his obligation, unless the contract expressly so provide; but he is now bound to perform the other alternative." This is almost the exact language of the court in *Chapman v. County of Douglas,* 107 U. S. 348. Many other cases might be cited in support of this doctrine, including *Summers v. Hibbard, Spencer, Bartlett & Co.,* 153 Ill. 102; *Bacon v. Cobb,* 45 Ill. 47; *Tartt v. Ramey,* 158 Ill. App. 468; and *Barstow v. McLachlan,* 99 Ill. 641, where the Court said: "The stipulation to pay $6,000 in hardware became, in default of payment, an obligation to pay in money." *Borah v. Curry,* 12 Ill. 66, and numerous other cases.

Simple justice, fortified by consideration of these numerous decisions, leads easily to the conclusion that the operation of the Hepburn Act cannot avail to defeat plaintiff's right to be paid the balance due him in money.

We are also of the opinion that the action does not come within the statute of frauds, for the reason that

the contract is not a contract that is not to be performed within one year. The contract might have been performed within one year, as it could be terminated at any time by either party, or it might be terminated within the year by the death of the plaintiff. In *Hulse v. Hulse,* 155 Ill. App. 343, it is said: "If the contract might, by any contingency, have been performed within one year, it is not within the Statute of Frauds." To the same effect also is *Osgood v. Skinner,* 111 Ill. App. 606. A further reason appears from the fact that the contract has been fully performed by the plaintiff; therefore the defendant is estopped from relying upon the statute of frauds. It is said in *Swanzey v. Moore,* 22 Ill. 63, that executed contracts are never within the statute of frauds. To the same effect are *Pearce v. Pearce,* 184 Ill. 289; *Cleveland, C., C. & St. L. Ry. Co. v. Wood,* 189 Ill. 352; *MacDonald v. Crosby,* 192 Ill. 283.

There is no ground in this case for the application of the statute of limitations. Under the stipulation of facts there appears to have been a mutual running account kept between the parties, with payments by the defendant in railroad tickets on account of the balance due and owing by it to the plaintiff, and such payments were made within five years previous to the bringing of the suit. No obligation was created in regard to each particular item, but only for the balance, which was a constantly varying balance. The stipulation also shows that a certain amount was paid on account during December, 1906. These payments applied to the entire debt, as there was but one debt, and when these payments were credited it left the balance specified. As suit was commenced within five years from that date, those payments took the entire account out of the statute. See *Knight v. Collings,* 227 Ill. 348; *Hennessey v. Walsh,* 142 Ill. App. 237; *Waldron v. Alexander,* 136 Ill. 550; *Neish v. Gannon,* 198 Ill. 219.

The point that plaintiff should have first made a demand for transportation is answered by the numerous decisions to the effect that the law never requires the performance of a useless act, and it is conceded that after the Hepburn Act went into effect it would have been useless for plaintiff to have demanded from the defendant payment in transportation.

Other contentions raised are without merit, and the rulings of the trial court on the propositions of law being free from error, the judgment followed properly and is affirmed.

*Affirmed.*